# Wytheville.

## COMBS v. COMMONWEALTH.

### June 29th, 1893.

1. CRIMINAL PROCEEDINGS—*Special grand jury.*—Without a writ of *venire facias* a special grand jury may be summoned from a list furnished by the judge. *Robinson* v. *Com.*, 88 Va., 900.

2. IDEM—*Legal session—Special judge.*—A county court is in regular session on the second day of a term on which it is opened by the judge thereof, when an order is made stating that owing to his disability to preside at the trial of any cause on the docket another specified judge took his seat and proceeded to dispatch business, the record stating that the latter judge signed the orders of that day.

3. IDEM—*Evidence.*—Testimony that certain corn found in the house of one on trial for larceny thereof, was the corn stolen, in the witness' opinion, and to the best of his knowledge and belief, founded on the fact that certain articles were in it that were also in the stolen corn.

HELD:

Unobjectionable.

4. IDEM—*Record.*—There need not be set out in the record the writ of *venire facias* for the trial jury in a criminal prosecution.

Error to judgment of circuit court of Carroll county, affirming a judgment of the county court of said county, rendered August 22, 1892, sentencing the plaintiff in error, one L. C. Combs, who had been found guilty at the trial of an indictment for burglary, to imprisonment in the State penitentiary for a term of two years.   Opinion states the case.

*D. W. Bolen*, for plaintiff in error.

*Attorney-General R. Taylor Scott*, for commonwealth.

HINTON, J., delivered the opinion of the court.

The indictment upon which the prisoner was tried in the county court charges him with a felony in entering a certain grist mill with intent to steal, and stealing therefrom five bushels of meal.

On being led to the bar the prisoner moved the court to quash the indictment, which motion being overruled, he was arraigned, and upon his arraignment pleaded "not guilty," and was remanded to jail. At a subsequent day of the term the order showing his arraignment and plea of not guilty was, on his motion, set aside. The prisoner then tendered three special pleas in abatement, to each of which the attorney for the commonwealth filed a special replication, and accused taking issue on said replication, asked that a jury might be empanelled to try said issues. This the court refused to do, and the prisoner excepted.

The first plea alleges that the grand jury, by whom the prisoner was indicted, was never summoned by any writ of *venire facias* or other legal process.

Plea No. 2 alleges that the court was not in legal session the day the indictment was found, and the records were never signed by the judge of the court.

The third plea alleges that the grand jury, by whom the said indictment was found, was not summoned to appear as a grand jury, and that none of the persons who served on said grand jury were summoned as grand jurors to appear and serve as such at the May term, 1892, of the county court of Carroll county.

Upon an examination of the record we are satisfied that none of these exceptions are tenable.

The indictment is in the usual form, and we are unable to perceive any reason why it should have been quashed. And as to the other exceptions, they are all controlled by principles which have been laid down in the following cases : *Robinson* v.

*Com.*, 88 Va., 900; *Gravely* v. *Com.*, 86 Va., 402; *Gresham* v. *Ewell*, 85 Va., 1.

The indictment in this case was found by a special grand jury, and in *Robinson* v. *Com.*, *supra*, it was distinctly held that a special grand jury may be summoned without a writ of *venire facias* from a list to be furnished by the judge, and it appears from the statement of the judge that such a list was furnished, and that eight of the persons whose names were .embraced in said list appeared, and were impannelled and sworn as the grand jury. This disposes of the first and third pleas.

On the first day of the term, as the record shows by necessary implication, the court was opened by the Hon. N. P. Oglesby, the judge of said court, when the orders impannelling the grand jury were entered. It also appears that he opened the court on the second day of the term, and that sometime during that day an order was entered, which order is in the following words, to-wit: "The judge of this court being so situated as to render it improper in his judgment for him to decide or preside at the trial of any case on the docket which have been undisposed of up to the present time of this term of the court, the Hon. R. L. Kirby, judge of Grayson county, thereupon took his seat upon the bench and proceeded to the dispatch of the business on the docket now remaining undisposed of." And it is stated in the record, and nowhere denied, that the orders of the second day, including the adjourning order, was signed by the said R. L. Kirby. Now this is all that is required by the statute, or the decision in *Gresham* v. *Ewell*, *supra*, and this being so, it is a matter of no moment whether Judge Oglesby or Judge Kirby happened to be presiding at the exact *punctum temporis* when the grand jury came in with this indictment.

The next ground of exception is that the accused was prejudiced by the manner in which the witness, David Cruise, "was allowed to give in his testimony," and by some of the ques-

tions which were put to him. But we see nothing in the record which gives countenance to either of these objections. The witness, having testified that he had missed several bushels of corn out of his mill on Monday morning which had been in his mill on the preceding Saturday night, and that there was some Fultz wheat and poplar shavings mixed in said corn, was asked if the corn that he found at the house where the accused lived was the same corn which came out of the mill, answered: " That is my opinion, to the best of my knowledge and belief." He was then asked: " On what facts do you found your belief and knowledge?" to which the witness replied: " Because we found wheat and shavings in the corn that identified themselves—it was Fultz wheat and poplar shavings in the corn at the mill." These questions are not leading, nor is there anything that we can perceive in the witness' mode of testifying.

The next exception is to the refusal of the court to set aside the verdict and grant the prisoner a new trial, but as neither the facts nor evidence is certified, we have nothing from which we can determine this question, but answers of Cruise just referred to go far to identify the corn in the prisoner's house as the corn which was stolen. See *Gravely* v. *Com.*, 86 Va., 402, where this kind of evidence is commented on by Lewis, P.

The last exception is the writ of *venire facias*, for the trial jury is not set out in the record, but this is not required. See *Spurgeon's Case.*

This disposes of the various assignments of error, and the result is that the judgment of the circuit court must be affirmed.

JUDGMENT AFFIRMED.