RESIDENTIAL INDUSTRIAL LOAN COMPANY, INC. *v.*
MANUEL M. WEINBERG, TRUSTEE, ET AL.
\* \* \*
FREDERICK CONTRACTORS, INC. ET AL. *v.*
METROPOLITAN FEDERAL SAVINGS AND LOAN
ASSOCIATION OF BETHESDA

[No. 120, September Term, 1976.]

*Decided February 24, 1977.*

The case was argued before MURPHY, C. J., and SINGLEY,
SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ.

*Arthur C. Elgin, Jr.*, with whom were *Thomas S. Jackson*
and *Jackson, Campbell & Parkinson* on the brief, for
appellant Residential Industrial Loan Co., Inc.

*Rex L. Sturm,* with whom were *Brown & Sturm, Manuel M. Weinberg, Carville M. Downes, David M. Guggenheim* and *Weinberg, Michel & Stern* on the brief, for Manuel M. Weinberg, Trustee et al. and Frederick Contractors, Inc.

*Carlton M. Green* for Metropolitan Federal Savings and Loan Association of Bethesda, appellee.

DIGGES, J., delivered the opinion of the Court.

This suit involves the ordering of priorities among three real property lien creditors of the bankrupt Bel Pre Medical Center, Inc., two of which are owners of deeds of trust notes, and the other of which is a holder of a mechanics' lien. Concluding that under our ruling in *Barry Properties v. Fick Bros.,* 277 Md. 15, 353 A. 2d 222 (1976), the mechanics' lien was not established until after the recordation of the deeds of trust, it follows that it is junior in priority to both of them.

Although we can only surmise from the facts of this case, we have little doubt that Frederick Contractors, Inc., which has been trying for the past four years to obtain payment for work completed in 1973, must at this point wonder why it has never gotten beyond the veritable Slough of Despond [1] which has prevented it from achieving even a modicum of success during all these years. Back in August of 1971, Frederick entered into a contract with Bel Pre to construct an addition to its nursing home in Silver Spring, Montgomery County, and work was begun shortly thereafter. In the autumn of 1972, before the addition was completed, Bel Pre sought to obtain a permanent first trust loan from Metropolitan Federal Savings and Loan Association of Bethesda, and by letter dated November 1, 1972, Metropolitan committed itself to make that loan in the amount of $1,400,000. At the settlement on November 30, Bel

---

[1]. In John Bunyan's *The Pilgrim's Progress* (1678), the first stumbling block encountered on the pilgrimage to the Celestial City was the Slough of Despond, "the descent whither the scum and filth that attends conviction for sin doth continually run . . . ."

Pre executed a deed of trust covering the real property on which the nursing home is located securing its note for the $1,400,000 to Metropolitan; this deed of trust was duly recorded on December 12, 1972. Although the facts are not undisputed, it seems that at the time of this settlement, these parties together with Frederick contemplated that $150,000 of the loan would be held in escrow to insure completion of the addition and to secure the waiver of any mechanics' liens Frederick could claim for labor performed or materials provided through November 29, 1972. Following completion of the addition in January of 1973, Frederick demanded payment of a little over $148,000 from the $150,000 Metropolitan was then holding, but was unable to collect the money. Subsequently, an attorney for Frederick advised Metropolitan of its intent to file a mechanics' lien against the property owned by Bel Pre, and on March 22, 1973, Frederick recorded such an instrument. On April 30, 1973, Frederick filed a bill of complaint to foreclose its claimed lien.

Before the foreclosure proceedings could be terminated, several things happened: Bel Pre obtained another loan secured by a second deed of trust; pursuant to its contract with Frederick, Bel Pre demanded arbitration of Frederick's claim for payment; and Metropolitan disbursed to Bel Pre the $150,000 it was holding. Specifically, the record discloses that on April 18, 1973, a deed of trust securing a loan of $160,000 from Residential Industrial Loan Company, Inc. (RILCO) was executed, and this was recorded on May 11, 1973, subsequent to Frederick's bill of complaint to foreclose, but prior to any judicial determination of the issue. The next several years, however, found Frederick unable to establish its claim because it was entangled in a dispute, initiated by Bel Pre on May 22, 1973, over whether arbitration of Frederick's demand for payment was required before the mechanics' lien could be foreclosed. The matter was not finally resolved until this Court issued its opinion on March 26, 1975, staying the foreclosure proceeding "until arbitration [was] concluded or Bel Pre's demand [was] withdrawn." *Frederick Contr. v. Bel Pre Med.*, 274 Md. 307,

316, 334. A. 2d 526, 531 (1975). In the meantime, on May 23, 1974 to be exact, Bel Pre had requested and obtained disbursement to it of the $150,000 Metropolitan was then holding.

Had the mechanics' lien litigation been promptly terminated following our decision in *Frederick Contr. v. Bel Pre Med.*, the parties probably would not be here today, but unfortunately for Frederick, the chain reaction initiated by Bel Pre's demand for arbitration was to continue into 1976. The proceedings were delayed, and although the hearing was eventually scheduled for January 15 and 16, 1976, Bel Pre withdrew its arbitration demand at the eleventh hour. Finally free to pursue once again its mechanics' lien foreclosure case, Frederick promptly petitioned the Circuit Court for Montgomery County for an early hearing, which it received on February 26, 1976. On that day, the court entered a "Decree for Enforcement of Mechanics Lien and Appointment of Trustees for Foreclosure Sale." But it was already too late — two weeks earlier this Court had decided *Barry Properties v. Fick Bros.*, 277 Md. 15, 353 A. 2d 222 (1976), where we held that, prior to the judicial establishment of a mechanics' lien, no such lien attaches to the real estate. Learning that the foreclosure sale was scheduled for April 9, 1976, Metropolitan and RILCO filed a bill of complaint three days prior to the sale seeking to enjoin it, and requesting that the court declare their liens "to be prior and senior to the mechanics' lien." The court consolidated this action and the original suit by Frederick against Bel Pre, and following a trial, Judge Stanley B. Frosh entered an order declaring that Metropolitan had a first lien, Frederick had a second lien, and RILCO had a third lien. Both losers appealed, and RILCO petitioned this Court as well for a writ of certiorari which we issued before the Court of Special Appeals considered the matter.

The question at the heart of this litigation is the applicability of *Barry Properties*. In that case we ruled that portions of the Maryland mechanics' lien law then in force and controlling here, Md. Code (1974 & 1975 Cum. Supp.), Real Prop. Art., §§ 9-101 to -111, were unconstitutional

because they operated to deprive property owners of a significant interest without due process of law.[2] Excising that aspect "which purports to create a lien from the time work is performed or materials furnished," we held that there could be no lien "until and unless the claimant prevails either in a suit to enforce the claimed lien or in some other appropriate proceeding . . . ." 277 Md. at 37, 353 A. 2d at 235. We further noted that until that time, the claimant possessed only a chose in action, and that § 9-107 (b), to the extent it granted mechanics' liens priority over some encumbrances recorded before the lien was established by a judicial determination, was "null and void." *Id.* Undoubtedly, the full impact of *Barry Properties* applies in the present suit. Although we did not explicitly state in that case that the decision was to have retroactive operation, we indicated as much by noting that "those portions of the statute we hold unconstitutional are void *ab initio* . . . ." 277 Md. at 38, 353 A. 2d at 235. While we will not always reach such a conclusion as to the effect of an unconstitutional statute, *see Perkins v. Eskridge*, 278 Md. 619, 366 A. 2d 21 (1976), it is clear that we found no overriding concern dictating that we give those mechanics' liens recorded prior to February 10, 1976, the date of our decision in *Barry Properties*, any force unless and until a judicial determination takes place. *See also Scott & Wimbrow, Inc. v. Calwell*, 31 Md. App. 1, 6, 354 A. 2d 463, 466, *cert. denied*, 278 Md. 733 (1976).

Contrary to Frederick's contentions, we find nothing in the present action which takes it outside the scope of *Barry Properties*. It is of no significance that here the dispute is between a contractor holding a mechanics' lien and two other lien creditors as opposed to the situation in *Barry Properties* where the dispute was between a contractor and the property owner. In either case, no mechanics' lien attaches to the property until the claimant has prevailed in

---

2. Responding to the *Barry Properties* case, the General Assembly by Chapter 349 of the Laws of 1976 extensively revised this State's mechanics' lien statute. *See* Md. Code (1974, 1976 Cum. Supp.), Real Prop. Art., §§ 9-101 to -113.

an "appropriate proceeding" to establish the lien's existence. Moreover, in spite of Frederick's argument to the contrary, it is clear that the *Bel Pre* case before this Court in 1975 was not a proceeding which resulted in the creation of a mechanics' lien. The only issue we decided was whether Bel Pre's demand for arbitration precluded Frederick from establishing its mechanics' lien until arbitration proceedings had been terminated. Consequently, by no stretch of the imagination can the "law of the case" or the res judicata doctrine catapult Frederick to first place. Finally, we are also of the view that the doctrine of lis pendens cannot aid Frederick here, since it has been determined that as of the time of the recording of the two deeds of trust, Frederick had no interest in the Bel Pre property.

It is apparent from the foregoing that the order of the priorities is as follows: Metropolitan first, RILCO second, and Frederick third. This is so because Metropolitan recorded its deed of trust on December 12, 1972, RILCO recorded its instrument on May 11, 1973, and Frederick did not obtain a mechanics' lien until February 26, 1976. Since we here decide only the priority issue, nothing in this opinion should be construed as indicating our views as to the merits of any other actions now pending or which may arise among the parties to this suit.

> *Order of the Circuit Court for Montgomery County affirmed in part and reversed in part and case remanded to that court for entry of an order as herein stated.*
>
> *Costs to be paid by Manuel M. Weinberg and Rex L. Sturm, trustees, and Frederick Contractors, Inc.*