In re R.E. TULL & SONS, INC., Debtor.

Robert Joel ZAKROFF, Trustee, Plaintiff,

v.

HAJOCA CORPORATION, Defendant.

Bankruptcy No. 81–1–1519.
Adv. No. 82–0659A.

United States Bankruptcy Court, D. Maryland.

Dec. 23, 1982.

Robert Joel Zakroff, Washington, D.C., trustee of debtor's estate.

Steven Henne, Silver Spring, Md., for defendant.

## MEMORANDUM OF OPINION

PAUL MANNES, Bankruptcy Judge.

This matter is before the court upon the complaint filed by Robert Joel Zakroff, Trustee, for an order enjoining Hajoca Corporation from maintaining litigation against or relating to property or assets of the debtor and its estate. For the reasons hereinafter stated, the court will grant the relief requested.

This case involves a study of the interrelationship of two remedial laws, the Bankruptcy Code and the Mechanics' Lien laws of the State of Maryland as set forth in Maryland Code Annotated, Real Property, Title 9 (1981 Repl.Volume).

On November 12, 1981, an order for relief was entered on an involuntary petition filed against the debtor. The debtor had, as a plumbing subcontractor, provided substantial services for an entity known as Capital Homes, Inc. There remain outstanding sums due from Capital Homes, Inc., to the estate of the bankrupt debtor against which Capital Homes, Inc., has claimed credits and adjustments due. Defendant Hajoca Cor-

poration was a supplier to R.E. Tull on the Capital Homes job. On March 1, 1982, Hajoca filed an action in the Circuit Court for Montgomery County, Maryland, to establish and enforce a mechanics' lien against Capital Homes, Inc. That case bears Law No. 78766 and relates to improvements done by Tull for the benefit of Capital Homes utilizing plumbing and heating materials provided by Hajoca to Tull. Defendant had knowledge of the bankruptcy proceeding, but proceeded nonetheless in the honest belief that what it was seeking was not property of the estate of Tull, but rather property of Capital Homes, as to which it had a valid lien.

■ Clearly, the sums due from Capital Homes, Inc., to Tull at the time of the petition were property of the estate. Under 11 U.S.C. § 541(a)(1), property of the estate includes "all legal or equitable interests of the debtor in property as of commencement of the case." One cannot conceive of a more comprehensive definition of what is included. *See generally,* Bare, The Bankruptcy Reform Act of 1978, 47 Tenn.L. Rev. 501, 547 (1980). This definition clearly envelops the receivable due Tull from Capital Homes.

The trustee points out that at the commencement of the case he has the rights of a creditor that extends credit to the debtor at the time of the commencement of the case and that at that time, with respect to such credit, obtains a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such creditor exists. 11 U.S.C. § 544(a)(1). In the alternative, the trustee properly argues that the trustee has the status of a creditor with an unsatisfied execution against the debtor, whether or not such a creditor exists.

■ In view of the strong arm powers of the trustee at that point in the proceedings, what right does the potential mechanics' lien give Hajoca? The answer is that Hajoca's claim is junior to that of the trustee. Hajoca does not meet the requirements of 11 U.S.C. § 546(b) in that Hajoca's lien was not perfected prior to the filing of the petition. While the law of New Jersey is not entirely similar to the mechanics' lien scheme of the State of Maryland, two New Jersey bankruptcy court decisions discuss this problem in detail. *Matter of Valairco, Inc.,* 9 B.R. 289 (Bkrtcy.D.N.J.1981), and *In Re Shore Air Conditioning and Refrigeration, Inc.,* 18 B.R. 643 (Bkrtcy.D.N.J.1982). Also see *In Re Saberman,* 3 B.R. 316, 1 C.B.C.2d 671 (Bkrtcy.N.D.Ill.1980). These cases hold that the debtor has an equitable interest in funds due from the owner under a construction contract, and the filing of a petition in bankruptcy stays any action to perfect a new lien against those funds. Thus, a subcontractor of a debtor cannot, subsequent to the filing of the bankruptcy petition, perfect a lien upon funds in the hands of an owner, which funds were contractually due to the debtor. It is well settled now under Maryland lien law that there can be no lien until and unless the claimant prevails either in a suit to enforce the claimed lien or in some other appropriate proceeding. Until that time, the claimant possesses only a chose in action. *See generally, Residential Industrial Loan Co. v. Weinberg,* 279 Md. 483, 369 A.2d 563, 565 (1977).

To permit Hajoca to proceed with a mechanics' lien claim in an attempt to obtain funds of the debtor from Capital Homes would be to permit it to prevail over all other unsecured creditors of the debtor. The Bankruptcy Code is designed to provide for equality of distribution among creditors similarly situated. Norton, *Bankruptcy Law & Practice,* § 32.06. An injunction is necessary to secure that result in this case.