In re RICHARDSON BUILDERS, INC., Debtor.

MIDDLETON & DUGGER PLUMBING & HEATING, INC., Plaintiff,

v.

RICHARDSON BUILDERS, INC., and W. Alan Smith, Jr., Trustee, Defendants.

Bankruptcy No. 89–01393.

United States Bankruptcy Court, W.D. Virginia, Lynchburg Division.

Nov. 30, 1990.

Laurence P. Morin, Lynchburg, Va., for Davis Heating & Cooling, Inc.

William E. Phillips, Edmunds & Williams, P.C., Lynchburg, Va., for Middleton & Dugger Plumbing & Heating, Inc.

Richard P. Cunningham, Cunningham & Embrey, Lynchburg, Va., for The Floor Show, Inc.

Cecil W. Taylor, Martin, Taylor & Perrow, Lynchburg, Va., for Taylor Bros., Inc.

R. Mitchell Garbee, Lynchburg, Va., for Richardson Builders, Inc.

Richard M. Livingston, Petty, Livingston & Dawson, Lynchburg, Va., for Frank and Lillian Weigand.

Gentry R.P. Ferrell, Lynchburg, Va., for W. Wade Drinkard, t/a Timberlake Lighting Center.

George Fralin, Fralin, Freeman & Kinnier, Lynchburg, Va., for Lonnie & Linda Rose.

## MEMORANDUM OPINION

WILLIAM E. ANDERSON, Bankruptcy Judge.

This matter is before the court on a motion to lift the automatic stay imposed 11 U.S.C. § 362(a). The question to be decided is whether the filing of a bankruptcy petition by a general contractor operates to stay a mechanic's lien enforcement action brought by a subcontractor if the general contractor is not the owner of the real property against which the lien is pending.

## FACTS

The facts are undisputed. Richardson Builders, Inc. (Richardson), the debtor, was the general contractor for two houses built for different owners in Bedford County, Virginia. Richardson contracted with subcontractors to provide materials and labor to build the houses. Some of the subcontractors [1] were not paid by Richardson or by the property owners and therefore filed memoranda of mechanic's liens against the real property.

Some of the memoranda were filed before November 9, 1989, the date on which Richardson filed its Chapter 7 bankruptcy petition, and some were filed after. Beginning in April 1990 some, but not all, of the subcontractors filed bills of complaint to enforce their liens in the Bedford County Circuit Court. Apparently the circuit court refused to enter a decree because all of the parties were not before it.

The moving party in this action, Middleton & Dugger Plumbing & Heating, Inc. (Middleton), is a subcontractor that has not filed an enforcement action. On September 7, 1990 Middleton filed its motion for relief from the automatic stay, alleging that the debtor, as the general contractor, is a necessary party to a state court action to enforce a subcontractor's mechanic's lien. On September 26, 1990 the Chapter 7 trustee filed a response asking the court to dismiss the motion, arguing that the debtor is not a necessary party to Middleton's enforcement suit and therefore relief from the stay is not required.

A hearing was held on October 4, 1990. Middleton and other subcontractors were represented at the hearing. The parties stipulated the facts and were asked to submit memoranda of law.

---

1. It is not clear from the stipulated facts whether the parties who have perfected liens by filing memoranda are subcontractors or other suppliers of materials and labor. In this opinion all will be referred to as subcontractors because the provisions of the Code of Virginia pursuant to which subcontractors and persons performing labor or providing materials perfect and enforce liens are substantively the same. See Virginia Code §§ 43–7, –8, –9, –10 and –22 (1990).

738

## DISCUSSION

### A. Background.

Virginia mechanic's lien law gives subcontractors doing work or furnishing material for the construction of a building a right to satisfy the claim against the building. Va.Code §§ 43–3, 43–7. The filing of a memorandum of lien is the initial step in the perfection of a mechanic's lien. Va. Code § 43–4. Filing the memorandum of lien within the time period set out in the statute is essential to perfection. Va.Code § 43–4; *United Masonry, Inc. v. Riggs National Bank*, 233 Va. 476, 357 S.E.2d 509 (1987).

After a mechanic's lien is properly prepared and timely recorded, it can only be enforced by filing a bill in equity in the proper State circuit court. Va.Code § 43–22. The enforcement action must be filed within six months of the time the building was completed, or the construction was stopped, whichever occurs last. Va. Code § 43–17. Compliance with the time period for filing a bill of complaint is a jurisdictional prerequisite to enforcement of a lien. *Neff v. Garrard*, 216 Va. 496, 219 S.E.2d 878, 879–80 (1975); D. Rendleman, *Enforcement of Liens and Judgments in Virginia* § 6.8, 282 (Michie, 1982).

■ A subcontractor's mechanic's lien is limited to the amount of the owner's indebtedness to the general contractor at the time that notice is given, or to the amount that the owner thereafter becomes indebted to the general contractor on the project. Thus a subcontractor cannot enforce a mechanic's lien unless the owner is indebted to the general contractor, and the subcontractor's claims can be reduced by any set-offs or counterclaims which the owner may have against the general contractor. Va. Code §§ 43–7, –9. *Waterval v. William*

**2.** 11 U.S.C. § 362(b)(3) provides:

(b) The filing of a petition under section 301, 302, or 303 of this title, or of an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 does not operate as a stay—

(3) under subsection (a) of this section, of any act to perfect an interest in property to the

*Doolan Elevator Service, Inc.*, 212 Va. 114, 116, 181 S.E.2d 637, 639–40 (1971); Rendleman, *supra*, § 6.6, at 260–61.

### B. An action to enforce a mechanic's lien is generally subject to the automatic stay of 11 U.S.C. § 362(a).

■ When a petition under the Bankruptcy Code is filed, actions to prosecute claims against the debtor or the property of the estate are automatically stayed. 11 U.S.C. § 362(a). The stay imposed by section 362(a) is extremely broad in scope, applies to almost any type of formal or informal action, and becomes effective upon the date of the filing of the petition. In addition to protecting the debtor, one of the purposes of the stay is to protect creditors by insuring equality of distribution. *See Collier on Bankruptcy*, § 362.04, p. 362–32 (15th ed.1990). The stay is intended, then, to fix the rights and priorities of the creditors as of the time of the filing of the petition and to prohibit any further acts to advance those rights and priorities. *See, e.g., In re Paul*, 67 B.R. 342, 345–46 (Bkrtcy D.Mass.1986).

■ The automatic stay is subject to a number of exceptions. Actions to perfect mechanic's liens are excepted by 11 U.S.C. § 362(b)(3) which allows perfection of interests in property, subject to certain limitations.[2] *See, e.g., In re Yobe Electric, Inc.*, 728 F.2d 207, 208 (3rd Cir.1984); *In re Victoria Grain Co.*, 45 B.R. 2, 6 (Bkrtcy.D. Minn.1984); *In re Cantrup*, 38 B.R. 148, 150–51 (Bkrtcy.D.Colo.1984); *Collier on Bankruptcy*, § 362.05, pp. 362–46, –47 (15th ed. 1990). Actions to enforce the liens are not excepted by section 362(b)(3), however. *See, In re Bain*, 64 B.R. 581 (W.D.Va.1986). In *In re Bain*, the United States District Court held that under Virginia law the recording of a memorandum of

extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title or to the extent that the act is accomplished within the period provided under section 547(e)(2)(A) of this title;

lien is all that is necessary to perfect a mechanic's lien and that the subsequent filing of a bill of complaint is an enforcement procedure. Thus in Virginia, the recording of a memorandum of lien does not violate the stay imposed by section 362(a), while the filing or prosecution of an enforcement action under Va.Code § 43–22 does do so. *Id.* at 583.

*C. 11 U.S.C. § 362(a) prevents subcontractors from enforcing mechanic's liens against non-debtor owners.*

■ While actions to enforce mechanic's liens are generally subject to the automatic stay imposed by section 362(a), the trustee and others argue that such actions filed by subcontractors against non-debtor owners are not stayed when the general contractor files a bankruptcy petition unless the general contractor has an ownership interest in the property against which the lien is pending. In the case before the court, the debtor, who is the general contractor, does not possess an ownership interest in the residential properties at issue.

Middleton, the moving party, argues that even absent an ownership interest, a general contractor is a necessary party in whose absence a subcontractor's enforcement action cannot proceed. If Middleton is correct, subcontractors cannot file or prosecute enforcement actions without seeking relief from the automatic stay.

In many jurisdictions a general contractor is a necessary party to such suits. These results are reached under statutes which expressly require that the contractor be made a party, those that require the general contractor to defend such suits, and under statutes that require that the parties to the construction contract be made parties. See generally, 53 Am.Jur.2d *Mechanics' Liens* § 369 (1970). The Virginia Supreme Court has not decided whether a general contractor is a necessary party to a subcontractor's mechanic's lien enforcement suit and Virginia Code § 43–22 does not expressly require that a general contractor defend or be made a party to an enforcement suit brought by a subcontractor.

The absence of an express statutory requirement is not conclusive, however. In *Walt Robbins, Inc. v. Damon Corporation,* 232 Va. 43, 47–48, 348 S.E.2d 223 (1986) the Virginia Supreme Court held that a trustee and a beneficiary of an antecedent deed of trust on liened property were necessary parties in enforcement suits, even though neither is named in the statute. While a case like the one before the court, which does not involve a party who has an ownership interest in the property which is subject to the mechanic's liens, is distinguishable from *Walt Robbins, Inc.,*[3] that case does make clear that a party need not be named in Va.Code § 43–22 to be considered a necessary party to a mechanic's lien enforcement action.

The Virginia Supreme Court has stated that it defines "necessary party" broadly: "[w]here an individual is in the actual enjoyment of the subject matter, or has an interest in it, either in possession or expectancy, which is likely either to be defeated or diminished by the plaintiff's claim, in such case he has an immediate interest in resisting the demand, and all persons who have such immediate interests are necessary parties to the suit." *Raney v. Four Thirty Seven Land Co.,* 233 Va. 513, 519–20, 357 S.E.2d 733, 736 (Va.1987). The same court has also held that a court is powerless to proceed with a suit unless all necessary parties are properly before the court. This is so because a necessary party is one whose "... interests in the subject matter of the suit, and in the relief sought, are so bound up with that of the other parties, that their legal presence as parties to the proceeding is an absolute necessity, without which the court cannot proceed. In such cases the court refuses to entertain the suit, when these parties cannot be subjected to its jurisdiction." *Mendenhall v. Douglas L. Cooper, Inc.,* 239 Va. 71, 74, 387 S.E.2d 468, 470 (1990).

---

**3.** The court reasoned that because the proceeds of a judicial sale under a decree enforcing a mechanic's lien might be insufficient to pay both the mechanic's lien holders and the deed of trust lien creditor in full, the beneficiary of an antecedent deed of trust holds a property right which entitles him to notice and an opportunity to challenge the perfection of the mechanic's lien. *Walt Robbins, Inc. v. Damon Corporation,* 232 Va. 43, 348 S.E.2d 223, 226 (1986).

Because the subcontractor's claims against the property are limited to the amount by which the owner is indebted to the general contractor, the amount the owner owes the general will always be an issue in the subcontractor's action. If the general contractor would be bound by the amount found owing in the subcontactor's suit, then the contractor would be a necessary party in whose absence the litigation ought not to proceed. If the general contractor will not be bound, then the owner of the property may be harmed if the trustee, or someone else acting on behalf of the general contractor, brings a subsequent action for unpaid contract amounts. In such a case, the owner would be subject to a risk of incurring additional and/or inconsistent obligations.

Federal Rule of Civil Procedure 19 and Rule 3:9A of the Virginia Supreme Court Rules of Practice and Procedure in Actions at Law set out procedural rules for determining which parties should be joined in an action and in whose absence the action should be dismissed. Both rules define a category of persons who should be joined if feasible. Such persons include those whose absence may leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. If such an absent person cannot be made a party to the action, the rules require a court to determine whether in equity and good conscience the action should be allowed to proceed among those already parties or whether it should be dismissed, the absent person being thus regarded as indispensable. Among the factors a court is required to consider in making such a determination is the extent to which a judgment rendered in the person's absence might be prejudicial to the person or to those already parties.

It seems clear that an owner might be prejudiced if the determination of the amount owing to the general contractor that must be made in order to enforce a subcontractor's mechanic's lien can be relitigated in a later proceeding. Thus a general contractor would be a party who should be joined if feasible, and perhaps one in whose absence the case should be dis-

missed. Although an action pursuant to Va.Code § 43–22 is equitable and Rule 3:9A would not be directly applicable, it appears that the equity practice in Virginia is to require the joinder of all parties with an interest in the subject matter of the enforcement action.

Even if a general contractor would not be considered a necessary party under Virginia law, actions brought under the Virginia mechanic's lien statutes necessarily involve or affect property of the estate, or property in the possession of the estate, within the broad scope of section 362(a). It is clear that any sums due from the owner to the general contractor-debtor at the time the bankruptcy petition was filed are the property of the estate. The fact that the subcontractors have liens on the owners' real estate, not on the funds in the hands of the owner, does not mean that the enforcement action does not affect property of the estate. Although a lienor seeks to enforce the lien against real estate, the court may enter a personal decree against the owner and determine breaches of contract. *Taylor v. Netherwood*, 90 Va. 88, 97–98, 20 S.E. 888, 891 (1895). The owner, of course, will want to set off any amounts it pays against the debt owing to the general contractor. The general contractor may have defenses to subcontractor claims that might not be raised if its interests are not represented in the enforcement action. And while it is true that the trustee can file an action in this court, or join in a state court proceeding, in order to protect the estate's interest, it is preferable to have the matters resolved in a single forum.

There are other policy reasons which support a stay of subcontractor enforcement actions when the general contractor files a bankruptcy petition. If the amount that the general contractor is indebted to the subcontractors is greater than the amount that the owner owes the general contractor, the failure to stay such actions will cause a race to the courthouse. To the extent that some but not all of the subcontractors receive payment, similarly situated creditors will be treated differently, a result federal bankruptcy law is intended to minimize. It is also inequitable to make a subcontractor risk violating the stay by

filing an enforcement action, or losing the right to do so by honoring the stay, depending upon whether the general contractor has an ownership interest in the real property that is the subject of the mechanic's lien.

In summary, this court believes that the automatic stay applies to subcontractor enforcement actions. Such a result promotes judicial economy, uniformity, and fairness for debtors and creditors.

## CONCLUSION

For the foregoing reasons this court finds that when a general contractor files a bankruptcy petition, section 362(a) stays the filing and prosecution of mechanic's lien enforcement actions by subcontractors. The court grants Middleton's motion to lift the stay so as to allow the subcontractors to pursue their enforcement action(s) in the Circuit Court and the trustee is granted leave to intervene in such action(s) on behalf of the estate. Because section 362(a) applies, 11 U.S.C. § 108(c) suspends the expiration of the time period for filing enforcement suits for thirty days from entry of this order, unless such period expired before the debtor's Chapter 7 petition was filed.