## CIRCUIT COURT OF FAIRFAX COUNTY

Washington Federal Savings Bank

    v.

William H. Metcalfe & Sons

         Case No. (Chancery) 128061

Washington Federal Savings Bank

    v.

Metro Plumbing Contractors, Inc.

         Case No. (Chancery) 127934

Metro Plumbing Contractors, Inc.

    v.

Robert Lucket & Associates

         Case No. (Chancery) 130102

         January 13, 1994

BY JUDGE RICHARD J. JAMBORSKY

These matters come before the Court on the demurrer of Washington Federal Savings Bank to the bill of complaint in Chancery No. 130102 and on the motion of Washington Federal Savings Bank to reconsider its petitions for release of mechanic's lien in Chancery No. 128061 and

127934. After careful consideration of the pleadings and oral argument, the Court sustains the demurrer and grants the petitions for release of mechanic's liens.

The pertinent facts in these cases are undisputed. Kelsey Court Limited Partnership, the developer of a housing project in Fairfax County, obtained an acquisition and construction loan from Washington Federal Savings Bank to finance the project. The project encountered financial problems and several mechanic's liens were filed against the property: Metcalfe & Sons filed a lien on March 18, 1991; Metro Plumbing Contractors filed a lien on April 29, 1991. On June 12, 1991, Kelsey Court filed a chapter 11 bankruptcy petition. On September 27, 1991, the bankruptcy court granted Washington Federal Savings Bank relief from the bankruptcy stay to foreclose on the property. A foreclosure sale was held on October 15, 1991, at which Washington Federal, as high bidder, bought the property, recording a deed on October 18, 1991.

In the instant case, the fundamental issue is whether the statute of limitations has lapsed prior to filing of any suits to enforce the mechanic's liens. Virginia law provides that a suit to enforce a mechanic's lien is subject to a six month statute of limitations. Va. Code Ann. § 43–17. The Virginia Code further provides that the statute of limitations is tolled when an enforcement suit is obstructed by bankruptcy or otherwise. Va. Code Ann. § 8.01–229(D). The instant case requires an inquiry into whether lifting a bankruptcy stay as to real property is sufficient to resume the running of the statute of limitations or if Kelsey Court is a necessary party such that the statute is tolled until the stay is lifted with respect to the bankrupt party.

Washington Federal argues that the law of Virginia is clear that a mechanic's lien claim is an action *in rem* against the property. *Kayhoe Construction v. United Virginia Bank*, 220 Va. 285 (1970); *Fairbanks, Morse & Co. v. Town of Cape Charles*, 144 Va. 56 (1926). Washington Federal contends that the "stay of an act against property of the estate . . . continues until such property is no longer property of the estate" and that the effect of the foreclosure sale and subsequent recordation of deed was to remove the property from the estate and lift the stay. 11 U.S.C. § 362(c)(1). Accordingly, Washington Federal infers that the statute of limitations resumes running when the property was out of bankruptcy, either October 15 (foreclosure sale) or October 18 (recordation of deed) of 1991. Based on Washington Federal's assertion that

Metcalfe has never filed a Bill of Complaint to enforce its lien, therefore, Metcalfe's claim would be barred pursuant to § 43–17 of the Code of Virginia. Va. Code Ann. § 43–17.

In opposition, Metcalfe and Metro Plumbing assert that the automatic bankruptcy stay has precluded filing of suit to enforce the liens because Kelsey Court as a general contractor and owner is a necessary party to an enforcement suit. Metro Plumbing asserts that the automatic stay was in effect until Kelsey Court was discharged from bankruptcy on December 29, 1992, and that the Bill of Complaint filed May 11, 1993, was therefore within the statute of limitations. Metro Plumbing cites § 8.01–229(D) of the Code of Virginia to argue that any suit to enforce the liens was obstructed by the bankruptcy of Kelsey Court and therefore was tolled. Va. Code Ann. § 8.01–229(D); *see also* 11 U.S.C. § 108(c). Metro Plumbing cites *In re Richardson Builders, Inc.* for the proposition that a general contractor is a necessary party. 123 B.R. 736, 739–40 (Bkrtcy W.D. Va. 1990) (holding general contractor necessary party in enforcement suit for mechanic's lien of subcontractor).

Washington Federal argues that *In re Richardson Builders, Inc.* should properly be distinguished because: in the instant case the owner, not the general contractor, is the party in bankruptcy; Kelsey Court ceased to have an interest in the property or to be an owner after the foreclosure sale; and the liability of Kelsey Court to the general contractor may be proved without Kelsey Court as a necessary party. 123 B.R. 736 (applying analysis of whether general subcontractor had sufficient interest to be necessary party, and noting that Virginia has declined to establish per se rule of law by statute or common law). Washington Federal also cites *James T. Bush Construction Co. v. Patel*, for the proposition that a necessary party has "an immediate interest in resisting the demand, and all parties who have such immediate interests are necessary parties to the suit." 243 Va. 84 (1992) (quoting *Raney v. Four Thirty Seven Land Co.*, 233 Va. 513, 519–20 (1987)). Accordingly, Washington Federal asserts that subsequent to the foreclosure sale of the property, Kelsey Court was not a necessary party because it no longer had an interest in the property. Based on that inference, Washington Federal urges the Court to grant the petition to release the mechanic's liens pursuant to § 43–17 of the Code of Virginia for the reason that the statute of limitations has run for filing of a timely enforcement action.

The Court concludes that when the property passed from the estate pursuant to the foreclosure sale, that Kelsey Court no longer had an interest in the property such that it was a necessary party to an enforcement suit. *James T. Bush Construction Co. v. Patel*, 243 Va. 84; *In re Richardson Builders, Inc.* 123 B.R. 736. A suit to enforce a mechanic's lien is an action *in rem*, and once the property was out of the estate, pursuant to the language of 11 U.S.C. § 362, the stay against enforcement of the liens was lifted. To hold otherwise would deter discharge of assets from the bankrupt estate, because liens could not be released until the bankruptcy petitioner was discharged from bankruptcy. The decision of this Court promotes prompt disposition of bankruptcy and enables mechanic's lienholders to enforce their actions promptly and timely.

With respect to the disputed mechanic's liens, the statute of limitations began to run again when the property was discharged from bankruptcy and expired prior to the filing of suits to enforce the liens disputed in these cases. Accordingly, the demurrer is sustained and the petitions to release mechanic's liens are granted pursuant to § 43–17 of the Code of Virginia.