**In re PROPERTY TECHNOLOGIES, LTD., Debtor.**

**Graybar Electric Company, Inc., Plaintiff,**

**v.**

**Property Technologies, Ltd., Defendant.**

**No. 00–61155–BNS.**

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

March 15, 2001.

Harry Shaia, Jr., Spinella, Owings & Shaia, P.C., Richmond, Virginia, Kevin R. Huennekens, Loc Pfeiffer, Kutak Rock, LLP, Richmond, Virginia, for plaintiff.

Augustus C. Epps, Jr., Christian & Barton, L.L.P., Richmond, VA, Brett A. Zwerdling, Zwerdling, Oppleman & Uvanni, Richmond, Virginia, for debtor.

Bruce H. Matson, Paula S. Beran, Troy Savenko, LeClair Ryan, P.C., Richmond, Virginia, for Official Committee of Unsecured Creditors.

B. Amon James, Office of the U.S. Trustee, Richmond, Virginia, Acting Assistant U.S. Trustee.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Chief Judge.

Hearing was held December 19, 2000, on plaintiff's motion for relief from stay.[1] At the conclusion of the hearing, an annulment of the stay was denied, limited relief was granted to allow plaintiff to perfect mechanics' liens, and the matter was taken under advisement. For the reasons stated herein, the automatic stay will be conditioned and continued through October 1, 2001.

## I. Procedural History and Positions of the Parties.

This chapter 11 case was filed on October 18, 2000. Debtor is a Virginia corporation whose primary business is to install and service telephone equipment and billing systems for large building complexes and businesses in all fifty states.

Plaintiff furnished equipment and material to debtor in connection with construction projects in approximately twenty-five states. To the extent that plaintiff has not been paid in full, it wants to assert mechanics' liens under the laws of the applicable states. Therefore, on November 22, 2000, plaintiff filed a motion for relief from stay. Plaintiff requested relief to perfect and enforce mechanics' liens and asked the court to annul the stay as to any action already taken by plaintiff to perfect its liens.

On December 11, 2000, Wachovia Bank filed an objection to plaintiff's motion.[2] Wachovia argued that: (1) plaintiff failed to describe any interest in debtor's property that would entitle plaintiff to adequate protection; (2) plaintiff failed to set forth any basis that would entitle it to a replacement lien in debtor's accounts receivables; and (3) that plaintiff was not entitled to any interest superior to liens granted to Wachovia under its pre-petition loan documents or existing cash collateral orders.

Also on December 11, 2000, counsel for the official committee of unsecured credi-

---

1. Judge Shelley heard oral argument in this case, but died prior to the time the opinion was entered.

2. Wachovia Bank has a lien secured by all of debtor's accounts, inventory, equipment, general intangibles and all proceeds thereof pursuant to pre-petition loan documents and cash collateral orders entered by the court.

tors (committee) filed an objection to plaintiff's motion. The committee asserted that the stay should not be annulled.

On December 13, 2000, debtor filed a reply opposing plaintiff's motion.

Preliminary hearing was held on December 13, 2000, and the final hearing was set for December 19, 2000.

At the final hearing on December 19, 2000, the court denied plaintiff's request for annulling the stay. Limited relief was granted so that plaintiff could perfect its mechanics' liens. The parties were asked to submit briefs in support of their positions as to whether relief should be granted to allow plaintiff to enforce its mechanics' liens.

On January 4, 2001, an order was entered granting plaintiff limited relief from stay to perfect its liens.

On January 10, 2001, plaintiff filed a memorandum of law in support of relief from stay to enforce mechanics' liens. Plaintiff argues it is entitled to relief because plaintiff's interest in the improved properties is not adequately protected. Plaintiff also asserts that debtor lacks equity in the improved properties and that they are not necessary for an effective reorganization.

On January 19, 2001, debtor filed a memorandum of law opposing relief from the automatic stay to enforce mechanics' liens. Debtor's position is that it may not have equity in the improved properties, but that it does have equity in the monies owed to it by the owners of the improved properties. Debtor therefore asserts that the accounts receivable due from the owners of the improved properties are proper-

ty of the estate, that debtor has equity in the accounts receivable, and that the receivables are necessary to an effective reorganization. Finally, debtor argues that plaintiff failed to prove that it was not adequately protected.

On January 19, 2001, counsel for the committee also filed a memorandum of law in opposition to plaintiff's motion. The committee's position is that plaintiff is adequately protected because it has perfected its liens, and any statute of limitations to enforce those liens is tolled by the Bankruptcy Code. The committee also argues that the focus should not be on the improved properties but on the accounts receivable due from the owners of the improved properties. The committee further asserts that debtor has equity in the accounts receivable, and they are necessary to an effective reorganization.

On January 23, 2001, plaintiff filed a reply brief maintaining its position that it is not adequately protected and that perfection of mechanics' liens is not adequate protection. Finally, plaintiff states that it is willing to accept a replacement lien on debtor's accounts receivables in exchange for enforcing its mechanics' liens.

## II. Property of the Estate.

Plaintiff sold debtor equipment and materials, which debtor installed and used in construction projects in approximately twenty-five states. Plaintiff has not been paid in full for some of the merchandise and seeks relief from stay to assert mechanics' liens against the improved properties.[3]

---

**3.** Debtor raised the argument that the properties technically have not been "improved" because the merchandise plaintiff provided to debtor is not "permanently annexed to the freehold." VA.CODE. ANN. § 43–3 (Repl.Vol.

1999). This is beyond the scope of the court's opinion. Rather, the court uses the phrase "improved properties" merely to refer to the properties in which debtor installed equipment sold to it by plaintiff.

■ Plaintiff contends that debtor has no interest in the improved properties. Debtor concedes that point, but asserts that it does have an interest in the accounts receivable due from the owners of the improved properties. The committee supports debtor's contention that the accounts receivable are property of the estate, and debtor's interest in them should be taken into consideration by the court.

A mechanic's lien has been defined as "a statutory lien on buildings and other improvements on realty and on the realty itself, favoring contractors, materialmen, and other classes of workers to secure them priority or preference of payment of compensation for their work or material." 53 AM.JUR.2D *Mechanics' Liens* § 1 (1996).

While this definition focuses on the lien attaching to the building or improvement, there is case law that supports debtor's contention that actions to enforce mechanics' liens necessarily involve consideration of the accounts receivables. For example, the Fourth Circuit reviewed prior case law and the nature of a mechanic's lien proceeding before reaching the conclusion that an action to enforce a mechanic's lien is "substantially an in personam action and not an in rem action" since "[a] mechanic's lien action merely settles the claim of an unpaid mechanic or materialman, and does not purport to settle or clear title to the property carrying the lien." *Brooks v. United States,* 833 F.2d 1136, 1143 (4th Cir.1987).

In *Brooks,* the Fourth Circuit also reasoned that "[t]he mechanic's lien procedure is merely a remedy provided by ... virtually all other states, to ensure that mechanics and materialmen are able *to collect on their accounts receivables."* *Id.* (emphasis added). At least one other court followed a similar line of reasoning and enjoined a creditor from enforcing a mechanic's lien. *See, e.g., Zakroff v. Hajoca* (*In re R.E. Tull & Sons, Inc.*), 25 B.R. 709 (Bankr.Md.1982).

If the court accepts the Fourth Circuit's reasoning in *Brooks* and considers the effect of actions to enforce mechanics' liens on debtor's accounts receivable, then there is case law to support the committee's position that the accounts receivable are property of the estate and should be taken into consideration by the court. Prepetition sums due from the owners of the improved properties to debtor are property of the estate. *See* 11 U.S.C. § 541(a)(1); *see also Middleton & Dugger Plumbing & Heating, Inc. v. Richardson Builders, Inc.* (*In re Richardson Builders, Inc.*) 123 B.R. 736, 740 (Bankr.W.D.Va.1990).

Based on the foregoing, the court will take the accounts receivable into consideration in its determination as to whether or not to grant relief from stay to allow plaintiff to enforce its mechanics' liens.

### III. Relief from the Automatic Stay to Enforce Mechanics' Liens.

In its motion, plaintiff asserts that it is entitled to relief from stay pursuant to 11 U.S.C. §§ 362(d)(1) and (2). Section 362(d)(1) states that relief shall be granted "for cause, including lack of adequate protection of an interest in property of such party in interest" and § 362(d)(2) states that relief shall be granted if "(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization."

■ The burden of proof under § 362 is a shifting one. Plaintiff first must meet its burden by proving a *prima facie* case of why it is entitled to relief. If plaintiff satisfies that burden, the burden then shifts to debtor to show why plaintiff is not entitled to relief. In this case, plaintiff has the burden of proof on the issue of debtor's lack of equity in the property, and

debtor has the burden on all other issues. *See* 11 U.S.C. § 362(g).

Plaintiff's primary argument is that it is not adequately protected because the automatic stay prevents it from protecting its interest in the improved properties. Plaintiff is seeking adequate protection in the form of replacement liens pursuant to § 361(2).

Debtor and the unsecured creditors' committee assert that plaintiff is adequately protected because it has perfected its mechanics' liens. Moreover, any statute of limitations to enforce those liens is tolled by § 108(c). Thus plaintiff's interest is preserved and protected until the termination or expiration of the stay.

Debtor also states that it is unable to provide adequate protection payments to plaintiff without the permission and consent of Wachovia Bank due to prepetition loan documents and a cash collateral order currently in effect. In the alternative, debtor suggests that it will agree to hold any collected funds from the owners of the improved properties in trust pending court determination of the extent of plaintiff's liens.

■ With respect to equity, plaintiff argues that debtor has no equity in the improved properties because it has no interest in them, and that the accounts receivable should not be taken into consideration. Plaintiff, who has the burden on this issue, did not present any testimony or evidence on equity at the final hearing. Furthermore, plaintiff did not establish that debtor lacks equity in the accounts receivable. Because plaintiff failed to prove debtor has no equity, plaintiff as movant is not entitled to relief from the stay under § 362(d)(2).

However, the question of whether the accounts receivables are necessary to an effective reorganization is relevant here because it bears on the issue of adequate protection, which debtor bears the burden of proving. In order to satisfy this burden, debtor must prove "that the property is essential for an effective reorganization *that is in prospect.* This means ... that there must be 'a reasonable possibility of a successful reorganization within a reasonable time.'" *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd.,* 484 U.S. 365, 376, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988), *citing United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd., (In re Timbers of Inwood Forest Assoc., Ltd.),* 808 F.2d 363, 370 (5th Cir. 1987).

Debtor briefly addressed this burden in its memorandum of law opposing relief. Debtor referred the court to the evidence presented at prior cash collateral hearings as evidence of a reasonable probability that debtor will propose a plan that will result in a successful reorganization. However, debtor did not address when a plan of reorganization would be proposed, and the court has no evidence of whether or not there is "a reasonable possibility of a successful reorganization *within a reasonable time.*" *Id.* (emphasis added). At this time, therefore, the court cannot be certain whether a successful reorganization is in prospect.

■ From the evidence presented at hearing, the court finds that in the short term, plaintiff has adequate protection. It has been given relief to perfect its mechanics' liens, the statute of limitations to enforce those liens has been tolled, and debtor is willing to hold in trust any funds received from the owners of the improved properties pending a resolution of the extent of plaintiff's liens. Meanwhile, debtor should have a reasonable opportunity to propose a confirmable plan of reorganization.

Accordingly, the court will condition and continue the automatic stay in effect for a period of time that should be sufficient to allow debtor to propose and confirm a plan of reorganization. The court will order that the automatic stay will continue in effect until October 1, 2001. The stay will expire after October 1, 2001, unless prior to that date, the court has either confirmed a plan of reorganization or extended the date on motion of a party in interest.

A separate order will be entered consistent with this opinion.