**In re Paul R. JOYNER, Debtor.**

**No. 08–81507C–13D.**

United States Bankruptcy Court,
M.D. North Carolina,
Durham Division.

May 19, 2009.

R. David Wicker, Jr., Durham, NC, for Debtor.

### OPINION AND ORDER

WILLIAM L. STOCKS, Bankruptcy Judge.

This case came before the court on May 13, 2009, for hearing on a motion for relief from the automatic stay filed on behalf of Linda Harris–Dickens and Claude James Pinnix ("Movants"). Ruben Fernandez appeared on behalf of the Movants, R. David Wicker, Jr., appeared on behalf of the Debtor and Richard M. Hutson II appeared as Chapter 13 Trustee. Having considered the motion, matters of record and the arguments of counsel, the court has concluded that the motion for relief should be granted.

The Movants are plaintiffs and the Debtor is one of the defendants in a civil action that is pending in the Superior Court of Durham County entitled Linda Harris–Dickens, trustee and member of Millgrove Primitive Baptist Church, and Claude James Pinnix, member of Millgrove Primitive Baptist Church, Plaintiffs vs. Paul R. Joyner, Sr., individually, Stevenson Rochelle, Sr., individually and as trustee of Millgrove Full Gospel Church, and Millgrove Full Gospel Church, Defendants (08 CvS 2024)(hereinafter referred to as the "State Court Action"). The motion for relief seeks an order lifting the automatic stay as to the State Court Action and allowing the State Court Action to proceed.

Section 362(d) of the Bankruptcy Code sets forth the procedure and criteria for the lifting or modification of the stay. Under this provision, the court may grant relief from the automatic stay by terminating, annulling, modifying or conditioning the stay "for cause." Deciding whether cause exists for the modification of the stay is a matter within the discretion of the bankruptcy court. See In re Robbins, 964 F.2d 342, 345 (4th Cir.1992). Because the Bankruptcy Code "provides no definition of what constitutes 'cause,' courts must determine when discretionary relief is appropriate on a case-by-case basis." Id. See also In re MacDonald, 755 F.2d 715, 717 (9th Cir.1985); In re Davis, 91 B.R. 470, 471 (Bankr.N.D.Ill.1988).

In the absence of a statutory definition, the courts have recognized certain

standard factors to be considered in deciding whether to modify or lift the stay with respect to pending lawsuits. The Court of Appeals for the Fourth Circuit has focused primarily upon the following factors: (1) whether the issues in the pending litigation involve only state law, so that the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court. *See Robbins,* 964 F.2d at 345. In applying these factors and reaching a decision regarding the stay, the court should balance potential prejudice to the debtor's estate if the stay is lifted and litigation is permitted to proceed in another forum against the hardships that will be experienced by the party seeking relief from the stay if relief is denied and that party is required to pursue the litigation in the bankruptcy court. *Id.*

In opposing the motion for relief from stay, the Debtor argues that even though he is named as a defendant, no relief against him is sought in the State Court Action and that, therefore, there is no need or reason for the State Court Action to proceed as to him. In making this argument, the Debtor reads the Movants' complaint too narrowly. The complaint in the State Court Action includes a claim against the Debtor involving conduct on part of the Debtor which the Movants

allege constitutes unfair and deceptive trade practices in violation of Chapter 75 of the North Carolina General Statutes. In that claim, the Movants allege that as a result of such conduct they have been damaged in an amount in excess of $10,000, and pray that such damages be trebled and that they be awarded attorneys' fees. Although not a model of clarity, the complaint is sufficient to reflect that the Movants are seeking the recovery of monetary damages from the Debtor.

■■■ As the party opposing the request for relief from the automatic stay, the Debtor had the burden of persuasion (or risk of non-persuasion) as to whether the stay should be left in effect[1], which the Debtor failed to sustain. Taken as a whole, the record before the court is insufficient to show that the balance of harm is significantly tilted in favor of the Debtor or that the factors outlined in *Robbins* weigh in favor of leaving the stay in effect. Since the Movants have filed a proof of claim and are claimants in this case, a determination of the validity and amount of their claim must be made either in the state court or this court. The court is satisfied that the proper forum for such a determination is the state court. The claims alleged in the State Court Action all involve solely state law issues. There are no issues in any of the claims that require bankruptcy expertise. It also is clear that if the stay is lifted, the Debtor and the bankruptcy estate can be protected adequately by a requirement that the Movants seek enforcement of any judgment obtained through the bankruptcy court. The modification of the stay will permit the

---

1. Under section 362(g), while the party seeking relief from the stay has the initial burden of production or going forward with the evidence to establish a prima facie case for relief, the burden of proof, i.e., the burden of persuasion, rests on the party opposing relief on all issues except the existence of equity.

*See In re Busch,* 294 B.R. 137, 140–41 (10th Cir. BAP 2003); *In re Property Technologies, Ltd.,* 263 B.R. 750, 753–54 (Bankr.E.D.Va. 2001); *In re Self,* 239 B.R. 877, 880 (Bankr. E.D.Tex.1999); *In re 234–6 West 22nd St. Corp.,* 214 B.R. 751, 756 (Bankr.S.D.N.Y. 1997).

Movants only to reduce their claims against the Debtor to judgment and will specifically provide that any judgment against the Debtor obtained in the State Court Action may not be enforced against the Debtor or property of the bankruptcy estate unless and until further relief from the automatic stay has been granted by the bankruptcy court. Allowing the claims to be pursued in this fashion will not change the status or priority of the claims but will result in a determination of the nature and amount of the Debtor's liability. Also, allowing all of the claims to be determined in one proceeding in state court promotes judicial economy and avoids the hardship on the Movants that would result if they were required to litigate some of the claims in state court and some of them in this court. It is true that some of the claims in the State Court Action do not involve the Debtor. However, any additional burden on the Debtor resulting from this circumstance is far outweighed by the factors that weigh in favor of lifting the stay and allowing the State Court Action to proceed.

Now, therefore, it is ORDERED, ADJUDGED AND DECREED as follows:

(1) The automatic stay is hereby modified to the extent of permitting the State Court Action to proceed to final judgment; and

(2) The automatic stay shall remain in effect with respect to the enforcement of any order or judgment that is obtained against the Debtor or any property of the bankruptcy estate pending further orders of this court.