589 A.2d 479

**Antonio W. COLLINS**

v.

**STATE of Maryland.**

**No. 94, Sept. Term, 1990.**

Court of Appeals of Maryland.

May 9, 1991.

Bradford C. Peabody, Asst. Public Defender (Stephen E. Harris, Public Defender, both on brief), Baltimore, for petitioner.

Mary Ellen Barbera, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Diane E. Keller, Asst. Atty. Gen., all on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW and KARWACKI, JJ., and CHARLES E. ORTH, Jr., Judge of the Court of Appeals (retired), Specially Assigned.

MURPHY, Chief Judge.

The question presented is whether, in the circumstances, a police officer had probable cause to make a warrantless arrest for the commission of a felony.

## I.

Antonio Collins was charged by criminal information in the Circuit Court for Wicomico County with felonious possession of cocaine and related offenses. Prior to trial, he moved to suppress certain evidence and statements which he made during a custodial interrogation. He claimed that because his warrantless arrest was illegal, this evidence was inadmissible at his trial.

At the suppression hearing, Officer Robert Holmes of the Salisbury Police Department testified that at 3 a.m. on September 20, 1988, he observed a grey Ford Mustang parked in the driveway portion of a car dealership (Tidewater Motors) in Salisbury, Maryland; five black men were standing approximately five feet from the driver's side of the Mustang. It appeared to the officer that the men were looking at vehicles in Tidewater's parking lot. No one was in the Mustang. According to Holmes, he approached the men and asked for the driver of the vehicle; Steven Lewis so identified himself. Holmes asked him what they were doing. Lewis replied that "they" were looking at the BMWs for sale. On cross-examination, Holmes acknowledged that he did not know where Collins was standing either when he arrived on the scene, or when he began to question Lewis.

Officer Steven Ewing arrived at Tidewater Motors to assist Holmes and another officer, who were then in the process of identifying each of the men in the lot. Ewing inspected the inside of the Mustang by shining a flashlight through its partially closed windows. He observed a black plastic 35 mm film container on the rear seat. He said that, in his experience as a police officer, this was a type of container used to conceal controlled dangerous substances (CDS) for sale or use. At this point, Ewing asked Kevin

Parker, the suspect closest to him, to retrieve the container from the car. Parker complied. The officer then asked Parker what was inside the container. Parker responded, "I don't know; it is not mine." Ewing directed him to look inside the container and to show him the contents. Parker opened the container and attempted to conceal its contents "by cupping his hand over top of it." He again stated that he did not know what was in the container.

Upon looking into the container, Ewing found over twenty cellophane wrapped packets. He opened one of the packets. It contained a white powdered substance that Ewing suspected to be cocaine packaged for sale. He then arrested the five men for possession of the suspected cocaine.

Collins maintained at the suppression hearing that there was no probable cause for his arrest because there was no evidence that he had been in the car, or that he was in any way linked with the canister that was found in the vehicle. The trial court (Simpson, J.) denied the motion to suppress; it concluded that there was probable cause for the arrest in view of the early hour of the morning at which the CDS was discovered, the proximity of the men to the vehicle, and the suspicious nature of their presence in the closed car lot. At the ensuing court trial, the challenged evidence was admitted, and Collins was found guilty of possessing the cocaine and of the related counts. He appealed.

The Court of Special Appeals affirmed the judgments in an unreported opinion. Thereafter, we granted certiorari, vacated the judgments, and remanded the case to the Court of Special Appeals for consideration in light of *Livingston v. State,* 317 Md. 408, 564 A.2d 414 (1989). On remand, the intermediate appellate court affirmed Collins's conviction in an unreported opinion. We again granted certiorari to consider the important issue raised in the case.

II.

Before us, Collins urges that there was no probable cause for his arrest. He maintains that although the police may

have had probable cause to arrest Lewis, the admitted driver of the car, as well as Parker, who attempted to conceal the contents of the canister, there was insufficient evidence to support a finding of probable cause to arrest him. He relies upon our opinion in *Livingston v. State, supra,* for the proposition that the mere proximity of an accused to an offender, or to incriminating evidence, is insufficient for a finding of probable cause. He asserts that there must be some factual basis to believe that a suspect has committed a crime before the suspect may legally be arrested; that here there was no more than a mere suspicion that Collins had been in Lewis's car, or that he was aware of what was in the opaque film canister on the back seat of the car; and that such suspicion, without more, does not establish probable cause for a warrantless arrest.

The State responds that Collins's proximity to the car, in association with the other men, linked him both to the car and to the drugs in the cannister which was in plain view in the back seat. Moreover, the State suggests that Parker's behavior as he opened the container and attempted to conceal its contents indicated that he was aware of the presence of the contraband. These facts, according to the State, coupled with the early morning hour at a closed business establishment where the men were assembled, gave the police officers probable cause to believe that Collins knew of, and jointly possessed, the cocaine found in the car.

### III.

The legality of a warrantless arrest is measured by the existence of probable cause at the time of the arrest. Maryland Code (1957, 1987 Repl.Vol., 1990 Cum.Supp.), Art. 27, § 594B provides, in part:

"(b) A police officer who has probable cause to believe that a felony or misdemeanor is being committed in the officer's presence or within the officer's view, may arrest

without a warrant any person whom the officer may reasonably believe to have committed such offense.

. (c) A police officer may arrest a person without a warrant if the officer has probable cause to believe that a felony has been committed or attempted and that such person has committed or attempted to commit a felony whether or not in the officer's presence or view."

This section is declarative of the Maryland common law governing warrantless arrests. *See Woods v. State,* 315 Md. 591, 611, 556 A.2d 236 (1989); *Stevenson v. State,* 43 Md.App. 120, 127, 403 A.2d 812 (1979), *aff'd,* 287 Md. 504, 413 A.2d 1340 (1980).

 Probable cause, we have frequently stated, is a nontechnical conception of a reasonable ground for belief of guilt. *Doering v. State,* 313 Md. 384, 403, 545 A.2d 1281 (1988); *Edwardsen v. State,* 243 Md. 131, 136, 220 A.2d 547 (1966). A finding of probable cause requires less evidence than is necessary to sustain a conviction, but more evidence than would merely arouse suspicion. *Woods, supra,* 315 Md. at 611, 556 A.2d 236; *Sterling v. State,* 248 Md. 240, 245, 235 A.2d 711 (1967); *Edwardsen, supra,* 243 Md. at 136, 220 A.2d 547. Our determination of whether probable cause exists requires a nontechnical, common sense evaluation of the totality of the circumstances in a given situation in light of the facts found to be credible by the trial judge. *State v. Lemmon,* 318 Md. 365, 379, 568 A.2d 48 (1990); *Doering, supra,* 313 Md. at 403–04, 545 A.2d 1281. Probable cause exists where the facts and circumstances taken as a whole would lead a reasonably cautious person to believe that a felony had been or is being committed by the person arrested. *Woods, supra,* 315 Md. at 611, 556 A.2d 236; *Stevenson v. State,* 287 Md. 504, 521, 413 A.2d 1340 (1980); *Duffy v. State,* 243 Md. 425, 432, 221 A.2d 653 (1966). Therefore, to justify a warrantless arrest the police must point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warranted the intrusion. *Lemmon, supra,* 318 Md. at 380, 568 A.2d 48.

The Supreme Court considered the warrantless arrest and search of an occupant of an automobile in *United States v. Di Re*, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1947). There, an informant told a government agent that he planned to purchase counterfeit gasoline ration coupons from a man named Buttitta at a specified location. Buttitta's car was placed under surveillance. When it was parked at the designated location, the informant was observed in the rear seat of the vehicle holding gasoline ration coupons. Buttitta sat in the front seat; Di Re was seated next to him. The informant told the officers that he obtained the coupons from Buttitta, after which the occupants of the vehicle, including Di Re, were arrested. *Id.* at 583, 68 S.Ct. at 223.

The Court concluded that there was no probable cause to arrest Di Re and, therefore, no incidental right to search him. The Court said that an individual does not lose immunities from the search of his person by mere presence in a vehicle involved in criminal activity. *Id.* at 587, 68 S.Ct. at 225. Thus, it held that Di Re's presence in the car alone did not authorize the inference that he participated in the sale of the contraband. Nor was there evidence that Di Re was present in the car when the ration coupons were exchanged, or that he took any part in the criminal activity. The Court concluded:

"The argument that one who 'accompanies a criminal to a crime rendezvous' cannot be assumed to be a bystander, forceful enough in some circumstances, is farfetched when the meeting is not secretive or in a suspicious hide-out but in broad daylight, in plain sight of passersby, in a public street of a large city, and where the alleged substantive crime is one which does not necessarily involve any act visibly criminal." Id. at 593, 68 S.Ct. at 228.

In *Livingston v. State,* 317 Md. 408, 564 A.2d 414 (1989), we considered whether there was probable cause to make a warrantless arrest of an occupant of a car where contraband was found. There, a state trooper stopped an automobile for speeding. Using a flashlight, the officer noticed

two marijuana seeds on the right front floorboard of the car. The officer arrested each of the car's occupants for possession of the seeds, including Livingston, who was seated in the back seat. We held that without more evidence than the presence of two marijuana seeds on the front floor of the car, the police officer lacked probable cause to arrest Livingston. We noted that the element of criminal possession entails actual or constructive dominion or control over a thing. Where there was no factual basis to support a belief that Livingston exercised any control over the seeds, the warrantless arrest was illegal because it was not supported by probable cause.

## IV.

As earlier observed, Collins was charged with felonious possession of cocaine, possession of cocaine and possession with intent to use CDS paraphernalia. Code, Art. 27, § 277(s) defines possession of these items in terms of "the exercise of actual or constructive dominion or control over a thing by one or more persons." In *Dawkins v. State*, 313 Md. 638, 547 A.2d 1041 (1988), we held that knowledge is an element of the offenses of possession of a controlled dangerous substance and possession of controlled paraphernalia. *Id.* at 649, 651, 547 A.2d 1041. Knowledge "may be proven by circumstantial evidence and by inferences drawn therefrom." *Id.* at 651, 547 A.2d 1041. To be guilty of possession under the statute the evidence must support an inference that the accused exercised dominion or control over the prohibited substance. *State v. Leach*, 296 Md. 591, 595–96, 463 A.2d 872 (1983); *see Livingston, supra*, 317 Md. at 413–16, 564 A.2d 414. While probable cause requires less evidence than that which is essential to sustain a conviction, a factual basis must be shown to justify a reasonable belief that the arrestee is guilty of the crime for which the arrest is made.

Considering the totality of the circumstances, we conclude that the mere presence of a closed film canister in

a car found to contain cocaine was legally insufficient to support the requisite probable cause to arrest Collins as he stood outside of the vehicle. No testimony suggested that he arrived at the lot in the car, that he had even been in the vehicle, or that he knew the suspected cocaine was in the back seat of the car. Even if the police had probable cause to arrest Lewis or Parker for unlawful possession, there was no probable cause to arrest Collins. As there was no evidence which criminally linked Collins to either the car, or to the film canister, there was no probable cause to believe that he committed or attempted to commit a felony as required by Art. 27, § 594B.

JUDGMENTS REVERSED; CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH DIRECTIONS TO REMAND THE CASE TO THE CIRCUIT COURT FOR WICOMICO COUNTY FOR A NEW TRIAL. COSTS IN THE COURT OF SPECIAL APPEALS AND IN THIS COURT TO BE PAID BY WICOMICO COUNTY, MARYLAND.