605 A.2d 980

**REISTERSTOWN LUMBER COMPANY**

v.

**Denise K. ROYER.**

**No. 1101 Sept. Term, 1991.**

Court of Special Appeals of Maryland.

May 6, 1992.

Thomas C. Beach, III (Howard R. Feldman and White-ford, Taylor & Preston on the brief) Baltimore, for appellant.

Thomas F. Stansfield, Westminster, for appellee.

Argued before ROSALYN B. BELL, FISCHER and HARRELL, JJ.

ROSALYN B. BELL, Judge.

Appellant, Reisterstown Lumber Company (Reisterstown), appeals from an order of the Circuit Court for Carroll County. Reisterstown had filed a petition for a mechanics' lien, pursuant to Md.Real Prop.Code Ann. §§ 9–101 through 9–114 (1974, 1988 Repl.Vol. & 1991 Cum.Supp.), against the property of appellee, Denise K. Royer. Following a show cause hearing, the trial judge refused Reisterstown's request for an interlocutory or final mechanics' lien

against Royer. Reisterstown contends that the trial court erred in denying its request for an interlocutory mechanics' lien after it had presented *prima facie* evidence of its entitlement to the lien. We will remand the case for further proceedings.

## STATEMENT OF FACTS

From August 3, 1990 to November 30, 1990, Reisterstown furnished and delivered to Royer lumber, supplies, and building materials for use in the construction of a new residence on Royer's property in Carroll County. The lumber, supplies, and building materials were purchased by John W. Davis and Marlene G. Davis, the general contractors retained by Royer to construct the residence.

The value of the goods delivered for use in the construction was $18,617.44 (including contractual late charges of two percent per month through January 25, 1991). Payments totalling $234.59 were received by Reisterstown, leaving an outstanding balance of $18,382.85, plus contractual late charges from January 25, 1991.

Reisterstown claims that it timely served Royer with a Notice to Owner of Intention to Claim a Mechanics' Lien by posting a notice on the front door of Royer's property on February 21, 1991, after it was unable to serve Royer personally elsewhere. On May 10, 1991, Reisterstown initiated proceedings in the circuit court. Reisterstown requested that an order establishing a mechanics' lien be entered in the amount of $18,382.85 against the property of Royer. After determining that a lien should attach, pursuant to § 9–106(a) of the Real Property Article, the trial court issued a show cause order on May 16, 1991, directing Royer to indicate why a mechanics' lien should not attach, by filing either a counter-affidavit or a verified answer as required by § 9–106(a). The answer was to be filed on or before June 14, 1991.

Royer's answer was docketed on June 17, 1991, along with several affidavits. Affidavits presented to the court

attest to Royer's denial of the receipt of the notice. Royer also contended that the property to be subject to the lien is a single family dwelling intended as her personal residence. Thus, under § 9–104(f)(3) of the Real Property Article, the amount of the lien may not exceed the amount of the owner's indebtedness to the contractor. Royer also alleged that the contractors in this case were in breach of their contract with her, and that she was no longer indebted to them because of that breach. This allegation in substance was to the effect that she owed nothing to the contractor and, therefore, nothing to Reisterstown. Royer also raised the issue of whether the materials and services claimed to be provided were, in fact, used on her property.

Two days later, on June 19, 1991, a hearing was held before the circuit court, as specified in the show cause order. Reisterstown's counsel, conceding that Royer had established a genuine dispute as to a material fact, thus foreclosing the entry of a final mechanics' lien, stated to the court that its only alternative was to issue an order establishing an interlocutory lien. Royer, on the other hand, contended that the court was required to make a "probable cause" determination before entering any interlocutory lien, pursuant to § 9–106(b)(3) and Rule BG 73 d 3. On June 20, 1991, the trial judge denied the request for an interlocutory lien, stating that Reisterstown "has not met its burdens to establish the interlocutory mechanic's [sic] lien requested." The court entered an order immediately dismissing the petition for lien, but allowing Reisterstown 30 days within which to request a trial on the petition for lien. Instead, Reisterstown immediately brought this appeal.

## DISMISSAL OF THE PETITION
## FOR MECHANICS' LIEN

■ Appellant first argues that the trial judge erred in dismissing its petition for a mechanics' lien after the show cause hearing. Although it appears that the trial judge attempted to follow the correct procedure, we agree with appellant. We explain.

The procedure to be employed at a show cause hearing on a petition for a mechanics' lien in Maryland is governed by § 9–106 of the Real Property Article and Rule BG73. Rule BG73 d states:

"1. Final Order if No Genuine Dispute.

"(a). If the pleadings, affidavits and admissions on file, and the evidence, if any, show that there is no genuine dispute as to any material fact and that the lien should attach as a matter of law, then a final order shall be entered establishing the lien for want of any cause shown to the contrary. Further, if it appears that there is no genuine dispute as to any portion of the lien claim, then the validity of that portion shall be established and the action shall proceed only on the disputed amount of the lien claim.

"(b) If the pleadings, affidavits and admissions on file, and the evidence, if any, show that there is no genuine dispute as to any material fact and that the petitioner failed to establish his right to a lien as a matter of law, then a final order shall be entered denying the lien for cause shown.

"2. Interlocutory Order if Probable Cause.

"If the court determines from the pleadings, affidavits and admissions on file, and the evidence, if any, that a final order under subsection d 1(a) should not be entered, but that there is probable cause to believe the petitioner is entitled to a lien, the court shall enter an interlocutory order which:

(i) establishes a lien;

(ii) describes the land to which the lien attaches;

(iii) states the amount of the claim for which probable cause is found;

(iv) specifies the amount of a bond which may be filed to have the land released from the lien;

(v) may require the petitioner to file a bond in an amount that the court believes sufficient for damages, including reasonable attorney's fees; and

(vi) assigns a date for the trial of all the matters which may be necessary to adjudicate the establishment of the lien, which date shall be within a period of six months. The owner or any person interested in the land, however, may, at any time, move to have the lien established by the interlocutory order modified or dissolved.

"3. Probable Cause Not Found.

"If no final or interlocutory order is granted under subsections 1 and 2, the court shall enter an order that the petition for lien be dismissed unless the petitioner, within 30 days thereafter, files a written request that the petition for lien be assigned for trial."

Under the Rule, there are four options from which a trial judge may choose at a show cause hearing, depending on the circumstances. If there are no genuine disputes as to material fact, then final judgment should be entered, either establishing or denying a mechanics' lien. Rule BG73 d 1. If there are disputes as to material fact, no immediate final judgment should be entered. Rather, the trial judge should, as a separate matter, determine whether the petitioner has established probable cause for entitlement to a mechanics' lien. If probable cause is found, an interlocutory mechanics' lien should be entered, and the case set for trial within six months. Rule BG73 d 2. If probable cause is not found, no interlocutory lien is to be granted, but an order should be entered giving the petitioner 30 days in which to request a trial on the petition. If no such request is made, the case is to be dismissed. Rule BG73 d 3.

In this case, the trial judge wrote in his order:

"WHEREAS, this Court has reviewed the pleadings, affidavits and admissions pursuant to Md.Rule BG73(d)(2) and

"WHEREAS, Plaintiff has not met its burdens to establish the interlocutory mechanic's [sic] lien requested, it is this 20th day of June, 1991

"ORDERED, that the Petition for Lien be, and is hereby, DISMISSED pursuant to Md.Rule BG73(d)(3) and it is further

"ORDERED, that Plaintiff be given leave to file within 30 days a written request that the Petition for Lien be assigned for trial pursuant to Md.Rule BG73(d)(3)."

The trial judge probably intended to deny an interlocutory lien pursuant to Rule BG73 d 3 and to follow the procedures set out in Rule BG73 d, generally. His choice of language, however, was incorrect. Rule BG73 d 3 states that, if probable cause is not found, the petition be dismissed *if* no request for trial is made within 30 days. As we noted in *E.L. Gardner, Inc. v. Bowie Joint Venture,* 64 Md.App. 302, 307 n. 1, 494 A.2d 988, *cert. denied,* 304 Md. 296, 498 A.2d 1183 (1985), the order envisioned by the Rule is in the nature of an order *nisi.* By dismissing the petition immediately, rather than ordering that the case *would* be dismissed unless the request for trial was made within 30 days, the trial judge, however inadvertently, improperly rendered final judgment for appellee. As a result, we will vacate the judgment and remand the case for further proceedings.

## THE PROBABLE CAUSE DETERMINATION

Having successfully argued that the trial judge erred in dismissing its petition for a mechanics' lien following the show cause hearing, appellant next argues that the trial judge, on remand, must enter an interlocutory mechanics' lien, pending the outcome of the trial on the merits. Appellant advances alternative arguments in support of this position. First, it argues that the case law interpreting § 9–106(b) and Rule BG73 deprive the trial judge of any power to make factual findings at the show cause hearing. Alternatively, appellant argues that, because it made a *prima facie* showing of entitlement to a mechanics' lien, the trial judge *in this case* should have entered the interlocutory mechanics' lien. We do not agree with either of these arguments. We explain.

In support of its contention that the trial judge had no power to weigh the facts, appellant cites several cases: *Gardner*, 64 Md.App. at 307, 494 A.2d 988; *Ocean Plaza Joint Venture v. Crouse Const. Co., Inc.*, 62 Md.App. 435, 446, 490 A.2d 252, *cert. granted*, 304 Md. 163, 497 A.2d 1163 *dismissed by counsel* (1985); *Tyson v. Masten Lumber & Supply, Inc.*, 44 Md.App. 293, 303, 408 A.2d 1051 (1979), *cert. denied*, 287 Md. 758 (1980). We find these cases to be inapposite. Appellant fails to recognize the distinction between the two different stages of the trial judge's evaluation at the show cause hearing.

The show cause procedure was discussed in detail by this Court in *Gardner*, 64 Md.App. at 305–306, 494 A.2d 988, where now Chief Judge Wilner wrote:

"The proceeding is commenced by a petition or complaint setting forth certain required information about the parties, the property, and the basis of the claim.... If, upon review of the petition and any exhibits appended to it, the court determines, preliminarily, that a lien should attach, it must issue an order directing the owner to show cause why the requested lien should not attach....

"Upon the owner's response (or upon his failure to respond within the time set by the show cause order), the court must review the matter again and take one of three actions. If the evidence then before it shows that 'there is no genuine dispute as to any material fact and that the lien should attach [in whole or in part] as a matter of law,' the court must enter a final order establishing the lien, at least for that part of the claim not in dispute.... If, conversely, the evidence shows that 'there is no genuine dispute as to any material fact and that the petitioner failed to establish his right to a lien as a matter of law, than a final order shall be entered denying the lien for cause shown....'

"If, however, the court determines from the evidence before it 'that the lien should not attach, or should not attach in the amount claimed, as a matter of law, by any final order, but that there is probable cause to believe the

petitioner is entitled to a lien,' the court must enter an interlocutory order that, among other things, establishes the lien in the amount for which probable cause is found and assigns a date 'for the trial of all the matters at issue in the action....'

"In essence, the sole function of the court at that stage of the proceeding is to determine whether there is a genuine dispute of material fact and, if not, whether the claimant is, or is not, entitled to a lien as a matter of law.... [T]he court is then 'in the same position as a judge passing upon a motion for summary judgment' and it is 'not justified in weighing the evidence and adjudicating the case....'" (Citations omitted.)

This language, however, only covers the first step in the process: the determination of whether there are any genuine disputes of material fact. It is at this stage that the prohibition against weighing facts, set forth in *Gardner, Ocean Plaza* and *Tyson,* is relevant. In other words, no *final* order establishing or denying a mechanics' lien should be entered if there are any genuine disputes as to material fact.

This case, however, deals not with the first step in the process, as discussed in *Gardner,* but the second: the determination of probable cause for an interlocutory, rather than a final lien. Had the trial judge phrased his order correctly, the order entered here would not be a final, but an interlocutory order. Appellant argues on appeal, as it did at the show cause hearing, that, once genuine disputes of material fact are raised, the only option is to enter an interlocutory order and set the case for trial. We do not agree.

■ Appellant's argument is refuted by the language of both § 9–106 of the Real Property Article and Rule BG73 d 3 (which is entitled "Probable Cause Not Found"). Even *Gardner,* the primary case relied on by appellant, recognizes the distinction between the two phases of the trial judge's determination: first, whether there are disputes as

to material fact, and second, whether probable cause has been shown.

"We say that the court must 'ordinarily' proceed in accordance with § 9–106(b)(3) and Rule BG 73 d 2 because there is a limited circumstance in which a fourth option is available, *i.e.*, where the court is unable to determine the issue one way or the other as a matter of law, *and is also unable to find the requisite probable cause.* Rule BG 73 d 3 addresses that problem. It states: 'If no final or interlocutory order is granted under subsections 1 and 2, the court shall enter an order that the petition for lien be dismissed unless the petitioner, within 30 days thereafter, files a written request that the petition for lien be assigned for trial.' This would appear to be in the nature of an order *nisi*, and we assume that, if the petitioner does indeed file the written request, the matter will thereafter proceed under § 9–106(b)(3) and Rule BG 73 d 2."

*Gardner*, 64 Md.App. at 307 n. 1, 494 A.2d 988 (emphasis added). Thus, both the statute, as interpreted in *Gardner*, and Rule BG73 d 2 envision that the trial judge's inquiry is two-fold: first, whether there are disputes as to material fact—this determines whether a final judgment may be entered—and second, whether there is probable cause to believe that a lien should attach—this determines whether an interlocutory lien should be entered. We hold that, once a trial judge determines that there are disputes of material fact foreclosing the entry of a final order establishing or denying a mechanics' lien, the trial judge must then, as a separate matter, determine whether the petitioner has established probable cause for the entry of an interlocutory mechanics' lien.

Thus, appellant's entitlement to an interlocutory lien depends on a probable cause determination. The question then becomes: what does probable cause mean in this context? Appellant, in its brief and at oral argument, asserts that probable cause is equivalent to a *prima facie* case. Appellee, not surprisingly, disagrees; she contends that the probable cause determination is similar to that in a

criminal case: whether, based on the pleadings and evidence before the trial judge, and weighing the facts, the trial judge believes that the petitioner is more or less likely to prevail at the trial on the merits. We agree with appellee, for two separate reasons.

■ First, § 9–106(b)(3) of the Real Property Article does not suggest any qualification of the term "probable cause": "If the court determines ... that there is probable cause to believe the petitioner is entitled to a lien, the court shall enter an interlocutory order...." When the Legislature uses commonly accepted words or terms in a statute without qualification, courts construing the statute can and should assume that the Legislature was aware of the commonly accepted meaning of the word or term. *Prince George's County Police Pension Plan v. Burke*, 321 Md. 699, 706, 584 A.2d 702 (1991) ("It is a general rule that, when evaluating a statute, the words are to be read in context and given their ordinary meaning.").

■ There is a second reason for rejecting appellant's contention that "probable cause" is equivalent to a *prima facie* case. Such a construction would implicate constitutional due process rights enunciated by the United States Supreme Court in several cases. *North Georgia Finishing, Inc. v. Di–Chem, Inc.*, 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975); *Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974); *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); *Barry Properties v. Fick Brothers*, 277 Md. 15, 37 n. 12, 353 A.2d 222 (1976). Following these cases, in order to comply with the dictates of due process, no mechanics' lien, of either an interlocutory or final nature, may be ordered without prior notice and an opportunity for the owner of the property subject to the proposed lien to be heard.

■ If the petitioner is entitled to "fall back" on the *prima facie* case established in an *ex parte* setting, the

show cause hearing would be of little effect, and the defendant could suffer a deprivation of property without due process. *See Residential Indus. Loan Co. v. Weinberg*, 279 Md. 483, 487, 369 A.2d 563, *cert. denied*, 434 U.S. 876, 98 S.Ct. 227, 54 L.Ed.2d 156 (1977); *Landover Assocs. Partnership v. Fabricated Steel Prods., Inc.*, 35 Md.App. 673, 679, 371 A.2d 1140, *cert. denied*, 281 Md. 740 (1977) (no lien attaches to real property until the claimant prevails in an appropriate proceeding to establish the lien's existence). Because appellant's proposed construction of the statute would implicate due process considerations, we reject it. *Pickett v. Prince George's County*, 291 Md. 648, 661, 436 A.2d 449 (1981); *Barter Sys., Inc. v. Rosner*, 64 Md.App. 255, 267, 494 A.2d 964 (1985) (where there are two possible constructions of a statute, one legal and one illegal, a court should construe the statute in a manner so as to avoid conflict with the Constitution and therefore to render the statute effective).

Probable cause is defined in *Black's Law Dictionary* 1081 (5th ed. 1979) as:

"Reasonable cause; having more evidence for than against. A reasonable ground for belief in the existence of facts warranting the proceedings complained of. An apparent state of facts found to exist upon reasonable inquiry (that is, such inquiry as the given case renders convenient and proper), which would induce a reasonably intelligent and prudent man to believe, in a criminal case, that the accused person had committed the crime charged, or in a civil case, that the cause of action existed."

In the criminal context, the Court of Appeals held:

"Probable cause, we have frequently stated, is a nontechnical conception of a reasonable ground for belief of guilt. A finding of probable cause requires less evidence than is necessary to sustain a conviction, but more evidence than would merely arouse suspicion. Our determination of whether probable cause exists requires a nontechnical, common sense evaluation of the totality of the

circumstances in a given situation in light of the facts found to be credible by the trial judge. Probable cause exists where the facts and circumstances taken as a whole would lead a reasonably cautious person to believe that a felony had been or is being committed by the person arrested. Therefore, to justify a warrantless arrest, the police must point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warranted the intrusion."

*Collins v. State,* 322 Md. 675, 680, 589 A.2d 479 (1991) (citations omitted). There are several differences between this case and the criminal case envisioned in *Collins.* First, this is a civil case, not a criminal case. The burdens of proof and interests at stake are far different. Second, the probable cause evaluation is *ex post facto* in the criminal case, while in the context presented here, it is made by the trial judge before the interlocutory lien attaches. Despite these differences, the basic aspects of the probable cause analysis set forth by the Court of Appeals remains the same.

 Rephrasing the test set forth by the Court of Appeals in *Collins,* we hold that probable cause is a nontechnical conception of a reasonable ground for belief that the petitioner is entitled to an interlocutory mechanics' lien. A finding of probable cause requires a preliminary conclusion that the petitioner is entitled, by a preponderance of the evidence, to a mechanics' lien. The determination of whether probable cause exists requires a nontechnical, common sense evaluation of the totality of the circumstances in a given situation in light of the facts found to be plausible by the trial judge. Probable cause exists where the facts and circumstances, taken as a whole, would lead a reasonably cautious person to believe that the petitioner is entitled to an interlocutory mechanics' lien. The trial judge, in entering such a lien, must point to specific and articulable facts which, taken together with rational inferences from

those facts, reasonably warranted the imposition of an interlocutory mechanics' lien on the defendant's property.[1]

In conclusion, we hold that the proper procedure for adjudicating a petition for a mechanics' lien is as follows:

(1) upon the filing of a petition for a lien which establishes a *prima facie* case for entitlement to a lien, a trial judge should issue a show cause order;

(2) in order to avoid final judgment in favor of the petitioner, the owner of the property must submit an answer to the complaint, including counter-affidavits, that is sufficient to raise a dispute as to a material fact of the petition;

(3) at the show cause hearing, the trial judge must first determine if there are disputes as to material fact. If there are none, final judgment, either entering a mechanics' lien or denying it, should be rendered;

(4) if there are disputes as to material fact, the trial judge should not enter a final order establishing or denying a mechanics' lien. Instead, he or she should determine, as a preliminary matter, and considering the pleadings and evidence presented at the show cause hearing (if any), whether there is probable cause to believe that the petitioner is entitled to an interlocutory mechanics' lien;

---

1. As appellant points out, there is language in several cases which suggests (1) that a trial judge is without power to adjudicate facts at a show cause hearing; and (2) that probable cause in this context is equivalent to a *prima facie* case. *See Gardner,* 64 Md.App. at 307, 494 A.2d 988; *Ocean Plaza,* 62 Md.App. at 447, 490 A.2d 252; *Tyson,* 44 Md.App. at 303, 408 A.2d 1051. As we stated previously, with respect to *Gardner* and *Tyson,* appellant fails to recognize the distinction between the two phases of the show cause inquiry. Appellant also places great weight on language in *Ocean Plaza,* which suggests that probable cause is equivalent to a *prima facie* case. *Ocean Plaza,* 62 Md.App. at 447, 490 A.2d 252. This suggestion, however, must be read in the context in which it was written. *Ocean Plaza* also states that "[u]pon the introduction of conflicting evidence, however, the claimant must prove his case by a preponderance of the evidence." *Ocean Plaza,* 62 Md.App. at 447, 490 A.2d 252. Because in the instant case a conflicting affidavit was introduced at the show cause hearing, the result we reach in this case is consistent with *Ocean Plaza.*

(5) if probable cause is found, an interlocutory mechanics' lien should be entered, and the case set for trial. If no probable cause is found, the petitioner should be given 30 days in which to request the case be set for trial. If no such request is made, the case should be dismissed; and

(6) if the case proceeds to a final trial on the merits, the probable cause finding at the show cause hearing shall have no effect on the final determination. In other words, the trial on the merits is a *de novo* review, separate and independent of the probable cause determination.

Appellant in this case filed a complaint which set forth the name and address of appellant and appellee; the kind and amount of materials furnished, the time the materials were furnished, the name of the person to whom the materials were furnished and the amount claimed to be due, less any credit. Also included was a description of the land for which the lien was requested. Appellant also claims that it presented facts which show that a Notice of Intention to Claim a Lien was properly served on appellee.

On the other hand, appellee at the show cause hearing raised several defenses to the petition for mechanics' lien. Appellee presented several affidavits denying receipt of the notice of the lien. Appellee also contended that, under § 9–104(f)(3) of the Real Property Article, the amount of the lien may not exceed the amount of the owner's indebtedness to the contractors. Appellee alleged that, because the contractors breached their contract with her, she was no longer indebted to them. She asserts that, because she owed nothing to the contractors, under the statute, she owed nothing to appellant. Appellee also alleged that the materials delivered were not used solely on her property.

As a result of these pleadings, there is no question that there were disputes of material fact sufficient to foreclose the entry of final judgment for either party. In this case, the trial judge concluded that appellant had not

"met its burden" for the entry of an interlocutory mechanics' lien. While the record before us could support a denial of an interlocutory lien, we will nevertheless remand the case, for two reasons. First, as discussed *supra*, the trial judge phrased his order incorrectly. Second, the trial judge made no findings of fact to support his probable cause analysis. In a case such as this one, where the pleadings and affidavits are in direct conflict and the probable cause determination turns upon which allegations the trial judge relies, he or she must make specific findings of fact sufficient for our review.

We note that both parties to this appeal failed to put on any actual witnesses or offer additional evidence beyond the pleadings. When the only proof of the facts of the case is competing affidavits, it is virtually impossible for the trial judge to weigh the credibility of the competing witnesses and make the requisite factual findings. In such circumstances, another problem also arises: in a close case such as this, which party has the burden of proof or should get the benefit of the doubt where the affidavits directly contradict one another, but there is no actual testimony to evaluate? On the one hand, the mechanics' lien statute is a remedial statute and should therefore be construed liberally in favor of materialmen such as appellant. *Ridge Sheet Metal Co., Inc. v. Morrell,* 69 Md.App. 364, 369, 517 A.2d 1133 (1986); *Cabana, Inc. v. Eastern Air Control, Inc.,* 61 Md.App. 609, 619, 487 A.2d 1209, *cert. denied,* 302 Md. 680, 490 A.2d 718 (1985). On the other hand, giving too much credit to a petitioner's case may result in a violation of procedural due process, as discussed *supra.*

As we see it, in truly close cases, the benefit of the doubt at the show cause hearing should go to the materialman seeking the mechanics' lien, for two reasons. First, an owner burdened with a mechanics' lien may post a bond to have the lien removed, Rule BG76 a 1, while the materialman denied an interlocutory lien has no alternative means by which to protect himself. Second, to restrict a materialman's right to a mechanics' lien too severely would likely

have a negative economic impact on the housing market, as materialmen would be less likely to extend credit to either general contractors or property owners. *See Ridge Sheet Metal Co.*, 69 Md.App. at 374–375, 517 A.2d 1133 (if risk of loss can more easily be borne by the subcontractor, placing it on the property owner would cause harm to housing market).[2]

JUDGMENT VACATED.

CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID ONE–HALF BY APPELLANT AND ONE–HALF BY APPELLEE.

---

**2.** The best way we can see to avoid the problem is for both parties to put on witnesses at the show cause hearing so as to allow the trial judge to evaluate witness credibility and make the necessary findings on a proper record.