617 A.2d 1120

**Michael BERRYMAN**

v.

**STATE of Maryland.**

**No. 377, Sept. Term, 1992.**

Court of Special Appeals of Maryland.

Jan. 6, 1993.

</div>

**416**

José Felipé Anderson, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Cathleen C. Brockmeyer, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. and Stuart O. Simms, State's Atty., for Baltimore City, on the brief), Baltimore, for appellee.

Argued before BLOOM, WENNER and CATHELL, JJ.

WENNER, Judge.

Appellant, Michael Berryman, was convicted in the Circuit Court for Baltimore City of possession of a controlled dangerous substance with intent to distribute. The court

sentenced him to two years of imprisonment. Upon appeal, appellant presents us with two questions:

I.   Did the trial court err by failing to grant appellant's motion to dismiss for violation of his constitutional right to speedy trial;

II.  Did the trial court err in failing to grant appellant's motion to suppress evidence?

Finding no error, we shall affirm the judgment of the circuit court.

## FACTS

On August 4, 1990 two Baltimore City police officers responded to a complaint of drugs being sold on the fourth floor of a public housing building located at 125 Colvin Street. Upon arrival, the officers observed appellant in the fourth floor hallway. Appellant quickly walked down the hallway, opened the door of apartment 4–G, and entered the apartment. The officers knocked on the door of apartment 4–G and spoke to the tenant. The tenant told them that appellant had entered and continued to remain in the apartment without her permission. Appellant was then arrested. A search incident to appellant's arrest produced a pager and a bottle containing eleven capsules of white powder, later determined to be heroin.

Inasmuch as appellant was arrested when he was seventeen years old, he was treated as a juvenile and released in the custody of his mother. Juvenile jurisdiction was subsequently waived and appellant was indicted and tried as an adult.[1]

On the day of trial, appellant moved for dismissal of the indictment, contending that his right to a speedy trial had been violated because he had been arrested on August 4,

---

1.  Although the record of the juvenile court is not before us, according to appellee's brief appellant did not object to the waiver but told the court that he wanted to be in the adult system and was too old for the juvenile system.

1990 and had not been tried until March 23, 1992. The motion was denied.

Appellant also moved to suppress certain evidence seized from him in the search incident to his arrest, contending that he had been unlawfully arrested. The motion to suppress was also denied.

After a bench trial, appellant was convicted of possession of heroin with intent to distribute and sentenced to two years of imprisonment. This appeal followed.

Facts necessary to an analysis of the specific issues raised by appellant will be provided in our discussion of those issues. In any event, we shall affirm the judgment of the circuit court.

## DISCUSSION

Preliminarily, we note that when assessing whether appellant's right to a speedy trial and his right not to be illegally searched have been violated, we must make an independent constitutional appraisal. *See, State v. Bailey,* 319 Md. 392, 572 A.2d 544, *cert. denied,* 498 U.S. 841, 111 S.Ct. 118, 112 L.Ed.2d 87 (1990); *Riddick v. State,* 319 Md. 180, 571 A.2d 1239 (1990).

## I.

Appellant first contends that the trial judge erred by not granting his motion to dismiss the indictment because his right to a speedy trial under the 6th Amendment to the Constitution of the United States and Art. 21 of the Maryland Declaration of Rights had been violated.[2] The relevant chronology follows:

August 4, 1990—Appellant arrested by Baltimore City police, and released in the custody of his mother.

---

2. Appellant refers to Art. 24 of the Maryland Declaration of Rights as the Maryland counterpart to the 6th Amendment to the Constitution of the United States. We have corrected this obvious error in order to address the speedy trial issue.

August 6, 1991—Juvenile Services Administration receives case from Baltimore City Police Department.

August 20, 1991—Juvenile Services Administration forwards appellant's case to the Juvenile Division of the State's Attorney's Office.

November 25, 1991—Juvenile jurisdiction waived following a hearing.

December 11, 1991—Appellant indicted as an adult.

March 23, 1992—Appellant's Bench Trial.

Appellant asserts that the delay of nearly twenty months between his arrest as a juvenile and his trial as an adult violates his constitutional right to a speedy trial because he was prejudiced by the delay. Specifically, appellant contends that his conviction as an adult on another offense during the delay between his arrest as a juvenile and his trial as an adult had an adverse affect on the sentencing guidelines applicable to his conviction in the case *sub judice*. Appellant also asserts that because of the delay, he suffered the stigma of having serious charges pending against him and failed to receive "proper and prompt consideration of non-punitive rehabilitative recourses of the juvenile system." [3]

Appellant points out that a number of constitutional rights apply to juveniles, including the right to a fair and impartial trial, confrontation, assistance of counsel, and the privilege against self-incrimination. *Application of Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). Not all constitutional rights have been afforded to juveniles, however. *See, McKeiver v. Pa.*, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971) (holding that the right to trial by jury is not required in juvenile proceedings).

■ Whether a juvenile is entitled to a speedy trial under the 6th Amendment to the Constitution of the United States or Art. 21 of the Maryland Declaration of Rights has not yet been addressed by the Supreme Court of the United

---

3. Appellant's brief, p. 8.

States, or by our appellate courts.[4] We are invited by appellant to hold that the right to a speedy trial is applicable to a juvenile, or at least to cases such as this one in which appellant was arrested as a juvenile, juvenile jurisdiction was waived, and he was tried as an adult. We shall accept appellant's invitation.

As the Supreme Court recognized in *Gault, supra,* 387 U.S. at 12, 87 S.Ct. at 1436, "neither the Fourteenth Amendment nor the Bill of Rights is for adults alone." Relying upon the spirit, if not the letter of *Gault,* we conclude that the 6th Amendment right to a speedy trial is applicable to juvenile proceedings. Moreover, the right to a speedy trial is also guaranteed by Art. 21 of the Maryland Declaration of Rights. Nonetheless, under the circumstances here presented, we find no merit to appellant's claim that his right to a speedy trial has been violated.

■ In determining whether one's right to a speedy trial has been violated, we must ordinarily balance the four factors set out in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972): (1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertions of his right to a speedy trial; and (4) prejudice to the appellant.

## Length of Delay

■ An arrest or the institution of formal charges against an accused, whichever first occurs, triggers the

---

4. We are aware of cases in other jurisdictions that have held that the right to speedy trial is applicable to juvenile proceedings. *See, RDSM v. Intake Officer,* 565 P.2d 855 (Alaska, 1977); *Matter of Patrick G.,* 92 Misc.2d 126, 399 N.Y.S.2d 862 (1977); *In the Interest of C.T.F.,* 316 N.W.2d 865 (Iowa, 1982). Although Maryland appellate courts have not squarely addressed the issue, we note the comment of the Court of Appeals in *In re Darryl D.,* 308 Md. 475, 520 A.2d 712 (1987), that "it is well to bear in mind that although certain constitutional rights incident to criminal prosecutions apply to juvenile delinquency proceedings, in this State the proceedings are civil rather than criminal in nature."

accused's right to a speedy trial. *State v. Gee*, 298 Md. 565, 471 A.2d 712, *cert. denied*, 467 U.S. 1244, 104 S.Ct. 3519, 82 L.Ed.2d 827 (1984).

Appellant contends that his right to a speedy trial was triggered on August 4, 1990, by his arrest as a juvenile. We agree. The delay between appellant's arrest as a juvenile and his trial as an adult was nearly twenty months. Such a delay is clearly sufficient to trigger constitutional analysis; it is also a factor to be considered in the *Barker v. Wingo* balancing process. *Epps v. State*, 276 Md. 96, 345 A.2d 62 (1975), *Howell v. State*, 87 Md.App. 57, 589 A.2d 90, *cert. denied*, 324 Md. 324, 597 A.2d 421 (1991).

## Reasons for Delay

█ In considering the reasons for delay, we must assign different weight to the reasons offered by the State in justification of the delay between the time of appellant's arrest as a juvenile and his trial as an adult. *Barker v. Wingo, supra.* In doing so, we place those reasons on a continuum. Deliberate attempts by the State to delay weigh heavily against the State; the State's negligence causing delay weighs less heavily against the State. On the other hand, we regard reasons for delay attributable to neither party as neutral. *Jones v. State*, 279 Md. 1, 367 A.2d 1 (1976), *cert. denied*, 431 U.S. 915, 97 S.Ct. 2177, 53 L.Ed.2d 225 (1977).

█ The delay here was due primarily to the twelve month lapse between appellant's arrest as a juvenile and the referral of his case to the Department of Juvenile Services by the Juvenile Division of the Baltimore City Police Department. In an attempt to justify this delay, the State explains that it is normal in "non-special" juvenile cases to experience a delay of six months to one year for police paperwork to reach the intake worker at the Depart-

ment of Juvenile Services.[5] Appellant offered no evidence whatever that the State had deliberately caused the delay.

Subsequent delays included the time taken by the Department of Juvenile Services to refer appellant's case to the Office of the State's Attorney, the time taken in waiving appellant's jurisdiction from juvenile court to adult court, and in securing his indictment as an adult, as well as the period from appellant's indictment as an adult to his trial as an adult. Appellant again offered no evidence whatever that any of these delays were deliberate, or attributable to the State's negligence.

■ We find the twenty month delay to be consistent with delays occasioned by normal procedures and the overcrowded conditions of the juvenile justice system and of our criminal courts, particularly in jurisdictions such as Baltimore City. Although we deplore such a delay, we realize that a good deal of the delay stems from a log jam in the Juvenile Division of the Baltimore City Police Department rather than from a deliberate attempt to prejudice appellant. Nevertheless, we shall charge the State with the delay of fourteen to sixteen months, although it will not weigh heavily.

### Assertion of the Right

In *Barker v. Wingo, supra,* the Supreme Court held that the right to a speedy trial is not waived by a defendant's failure to demand a speedy trial. Nevertheless, the Supreme Court went on to say that "this does not mean, however, that the defendant has no responsibility to assert his right." *Id.,* 407 U.S. at 528, 92 S.Ct. at 2191.

Appellant first asserted his right to a speedy trial on the day of his trial as an adult. Appellant's failure to assert his right to a speedy trial until the day of his trial provides him

---

5. Such a delay is unconscionable. We urge the Baltimore City Police Department to take whatever steps are necessary to correct such delays.

with very little weight in his favor. *Wheeler v. State,* 88 Md.App. 512, 596 A.2d 78 (1991).

## Prejudice

Prejudice is assessed in the light of the interests the right to a speedy trial was designed to protect. They are: (1) preventing oppressive pre-trial incarceration; (2) minimizing anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired. *Barker v. Wingo, supra.*

Appellant was neither incarcerated prior to trial, nor does he claim that the delay impaired his defense. As we said earlier, appellant claims only to have suffered from the stigma of serious charges being placed against him, the negative experience of a criminal arrest during the delay, and his inability to "get on with his life and return to school." Appellant only asserted that he was prejudiced by harsher sentencing guidelines becoming applicable to his conviction in this case because he was convicted of another criminal offense during the delay.

Simply put, we are not persuaded by appellant's contentions. His claims of prejudice are not only practically nonexistent, they are unsupported by the record. Thus, the *Barker v. Wingo* balancing test affords appellant no weight.

As a result, we hold that appellant's constitutional right to a speedy trial was not violated.[6] The trial judge did not err in denying appellant's motion to dismiss.

## II.

■ Appellant also contends that the trial judge erred in failing to grant his motion to suppress evidence obtained from him in the search incident to his arrest. According to

---

**6.** While *Barker v. Wingo* provides a balancing test, it gives little if any assistance to the relative value assignable to each of the four factors in the ultimate balance.

appellant, both his arrest and the search incident to his arrest were unlawful. We disagree.

In order to arrest a person without a warrant, the officer must have probable cause to believe that the person has committed, is about to commit, or is committing a crime. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); quoted in *Lee v. State*, 311 Md. 642, 537 A.2d 235 (1988). As the Court of Appeals said in *Collins. v. State*, 322 Md. 675, 589 A.2d 479 (1991), "to justify a warrantless arrest the police must point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion." (Citations omitted.) *Id.*, at 680, 589 A.2d 479.

In the case *sub judice*, police officers responded to a complaint that drugs were being sold on the fourth floor of the Colvin Street apartments. At the suppression hearing, one of the arresting officers testified that he had observed appellant walk quickly down the fourth floor hallway, open the door to apartment 4–G, and enter the apartment. According to the officer, he had spoken with the tenant of apartment 4–G and was told by her that appellant had entered and remained in the apartment without her permission. Appellant was then arrested and searched incident to his arrest. The officer also testified that he had checked the log-in sheet of the building and had not found appellant's name on the sheet.

As we see it, the arresting officer had sufficient articulable facts to warrant his belief that appellant had committed an offense in the officer's presence. In short, the officer had sufficient probable cause to arrest appellant. Since appellant was lawfully arrested, the search incident to his arrest was also lawful.

Inasmuch as appellant's 4th Amendment rights were not violated, the evidence obtained during the search incident to his arrest were properly admitted into evidence. There was no error.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.