635 A.2d 427

**In re DOUGLAS P.**

**No. 39, Sept. Term, 1993.**

Court of Appeals of Maryland.

Jan. 13, 1994.

388

Martha Weisheit, Asst. Public Defender, (Stephen E. Harris, Public Defender), both on brief, Baltimore, for petitioner.

John J. Capowski, Asst. Atty. Gen., (J. Joseph Curran, Jr., Atty. Gen.), both on brief, Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE,* CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

CHASANOW, Judge.

Petitioner Douglas P. challenges the finding that he committed a "delinquent act" by violating Maryland's child abuse statute. *See* Maryland Code (1957, 1992 Repl.Vol.), Article 27, § 35A (defining child abuse); Md.Code (1974, 1989 Repl.Vol., 1993 Cum.Supp.), Cts. & Jud.Proc. Art., § 3–801(k) (defining delinquent act).[1] Douglas argues that the child abuse statute is not applicable to juvenile offenders and, thus, a "delinquent act" cannot be based upon conduct constituting child abuse. He sets forth several arguments in support of this position and we shall address each in turn.

## I.

Douglas was found to be delinquent by a juvenile court master based on acts which, if committed by an adult, would have constituted child abuse as well as an attempted sexual offense in the second degree. Douglas was committed to the Department of Juvenile Services as a result of this finding. Thereafter, Douglas's counsel filed exceptions challenging the master's use of the child abuse statute as the basis for determining that Douglas committed a delinquent act. Douglas, however, did not challenge the attempted sexual offense finding.

An exceptions hearing was held in the Circuit Court for Baltimore City (McCurdy, J.). At the hearing, it was established that Douglas, who was thirteen years old at the time of the offenses, was temporarily living with his aunt, uncle, and

---

* McAuliffe, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, § 3A, he also participated in the decision and adoption of this opinion.

1. All future references to provisions of the Juvenile Causes Subtitle (§§ 3–801 to 3–837) shall be to Maryland Code (1974, 1989 Repl.Vol., 1993 Cum.Supp.), Courts and Judicial Proceedings Article. Subsequent references to § 35A shall be to Md.Code (1957, 1992 Repl.Vol.), Art. 27.

their two children, ages ten months and three years. On February 20, 1992, after the uncle went to work, Douglas's aunt left their children with Douglas so she could go to the store. When she returned, she noticed a scratch on her three-year-old daughter's face. The child later informed her mother that Douglas had "hit her in the face and put his wee wee in her butt." Based on these findings, the judge decided to overrule Douglas's exceptions. The judge agreed with the State's assertion that both adult and minor offenders are included within the language of the child abuse statute. Pursuant to § 35A,[2] the judge concluded that Douglas was a

---

2. In its entirety, § 35A reads as follows:

"(a) *Definitions.*—(1) In this section the following words have the meanings indicated.

(2) 'Abuse' means:

(i) The sustaining of physical injury by a child as a result of cruel or inhumane treatment or as a result of a malicious act by any parent or other person who has permanent or temporary care or custody or responsibility for supervision of a child, or by any household or family member, under circumstances that indicate that the child's health or welfare is harmed or threatened thereby; or

(ii) Sexual abuse of a child, whether physical injuries are sustained or not.

(3) 'Child' means any individual under the age of 18 years.

(4) 'Family member' means a relative of a child by blood, adoption, or marriage.

(5) 'Household member' means a person who lives with or is a regular presence in a home of a child at the time of the alleged abuse.

(6)(i) 'Sexual abuse' means any act that involves sexual molestation or exploitation of a child by a parent or other person who has permanent or temporary care or custody or responsibility for supervision of a child, or by any household or family member.

(ii) 'Sexual abuse' includes, but is not limited to:

1. Incest, rape, or sexual offense in any degree;

2. Sodomy; and

3. Unnatural or perverted sexual practices.

(b) *Violation constitutes felony; penalty; sentencing.*—(1) A parent or other person who has permanent or temporary care or custody or responsibility for the supervision of a child or a household or family member who causes abuse to the child is guilty of a felony and on conviction is subject to imprisonment in the penitentiary for not more than 15 years.

(2) If the violation results in the death of the victim, the person is guilty of a felony and upon conviction is subject to imprisonment for not more than 20 years.

"household or family member" who caused abuse to a child and, therefore, he could be adjudged delinquent based on such conduct. The Court of Special Appeals affirmed in an unreported opinion and we granted Petitioner's request for a writ of certiorari.

## II.

█ Under the Juvenile Causes Subtitle, an adjudicatory hearing is held to determine whether a child committed a delinquent act. *See* § 3–801(b). *See also* § 3–801(d) (" 'Child' means a person under the age of 18 years."); § 3–812 (setting out the requirements for alleging a delinquent act in a juvenile petition). A delinquent act is defined as "an act which would be a crime if committed by an adult." § 3–801(k). Upon finding that a child has committed a delinquent act, a disposition hearing is held to determine whether the juvenile requires "assistance, guidance, treatment or rehabilitation." § 3–801(n).

Child abuse is a crime. *See* § 35A. Moreover, the clear and unambiguous language of § 3–801(k), defining a delinquent act as "an act which would be a crime if committed by an adult," provides no exception for child abuse. Thus, one might assume that child abuse is a justifiable basis for a delinquent act if the juvenile offender's conduct and relationship to the victim falls within the statutory language of § 35A. Section 35A(a)(2)(i) defines "abuse" as follows:

"The sustaining of physical injury by a child as a result of cruel or inhumane treatment or as a result of a malicious act by any parent or other person who has permanent or *temporary care or custody or responsibility for supervision of a child, or by any household or family member,* under circumstances that indicate that the child's health or welfare is harmed or threatened thereby. . . ." (Emphasis added).

---

(3) The sentence imposed under this section may be imposed separate from and consecutive to or concurrent with a sentence for any offense based upon the act or acts establishing the abuse."

Section 35A(b)(1) makes it a felony offense if a person, who has "temporary care or custody or responsibility for the supervision of a child" or who is "a household or family member," causes abuse to a child. Petitioner notes that his adjudication was based on the 1991 amendment to the child abuse statute which expanded the class of potential child abusers by adding the language, "any household or family member." *See* Chapter 184 of the Acts of 1991. He contends that the Legislature could not have contemplated that children could be charged with child abuse. Thus, Petitioner argues that § 35A is an exception to § 3–801(k)'s broad definition of delinquent act.

In order to determine whether § 35A is limited to adult offenders only, we begin by recognizing that "the statutory language is, of course, the primary source for determining the legislative intent." *In re Keith G.*, 325 Md. 538, 542, 601 A.2d 1107, 1109 (1992). *See also State v. Bricker*, 321 Md. 86, 92, 581 A.2d 9, 12 (1990) ("When interpreting a statute, the starting point is the wording of the relevant provisions."). A principal rule of statutory construction is that, "[w]hen the Legislature uses commonly accepted words or terms in a statute without qualification, courts construing the statute can and should assume that the Legislature was aware of the commonly accepted meaning of the word[s] or term[s]." *Reistertown Lumber v. Royer*, 91 Md.App. 746, 757, 605 A.2d 980, 985 (citing *Prince George's County v. Burke*, 321 Md. 699, 706, 584 A.2d 702, 706 (1991)), *cert. denied*, 327 Md. 626, 612 A.2d 257 (1992). *See also Fairbanks v. McCarter*, 330 Md. 39, 46, 622 A.2d 121, 125 (1993) ("It is well settled that in construing a statute to ascertain and effectuate its goal, our first recourse is to the words of the statute, giving them their ordinary and natural import."); *Brodsky v. Brodsky*, 319 Md. 92, 98, 570 A.2d 1235, 1237 (1990) ("[W]e assume that the words of the statute are intended to have their natural, ordinary and generally understood meaning in the absence of evidence to the contrary.").

Section 35A(a)(5) defines "household member" as "a *person who* lives with or is a regular presence in a home of a child at

the time of the alleged abuse." (Emphasis added). "Family member" is defined as "a *relative* of a child by blood, adoption, or marriage." § 35A(a)(4) (emphasis added). Neither "person" nor "relative" is qualified by the word "adult." Moreover, the commonly accepted meaning of both "person" and "relative" is in no way exclusively limited to adults. *See, e.g.,* Webster's Third New International Dictionary 1686, 1916 (1986) (defining "person" as "an individual human being" and "relative" as "a person connected with another by blood or affinity"). As observed by the Court of Special Appeals in its unreported opinion of the instant case, the statutory definition of abuse has "only one age qualifier—that is, abuse must be *sustained* by a child—someone under the age of 18 years." (Emphasis in original). In light of the Legislature's failure to specify that the abuser be an "adult" or someone "18 years or older," we should assume that § 35A was not limited only to adult offenders.[3]

 Although the words of a statute are the starting point for ascertaining the Legislature's intent, they must not be read in a vacuum but should be considered in light of other manifestations of legislative intent. *See Kaczorowski v. City of Baltimore,* 309 Md. 505, 514–15, 525 A.2d 628, 632 (1987). Further evidence of the Legislature's intent may be gleaned from a statute's "relationship to earlier and subsequent legislation." *Kaczorowski,* 309 Md. at 515, 525 A.2d at 632. In § 3–829(a)(1) of the Courts and Judicial Proceedings Article, the Legislature has provided that a "court may enter a judgment of restitution against the parent of a child, the child, or both in any case in which the court finds a child has committed a delinquent act" resulting in property loss or

---

3. In other instances, the Legislature has expressly limited a crime to adult offenders. For example, the offense of "[c]ontributing to certain conditions of a child" makes it unlawful for "an *adult* wilfully to contribute to, encourage, cause or tend to cause any act, omission, or condition which results in a violation, renders a child delinquent, in need of supervision, or in need of assistance." § 3–831(a) (emphasis added). If the Legislature meant that the child abuse statute apply to adult offenders only, it could have so specified, just as it did in § 3–831.

personal injury to another. Subsequent to the 1991 amendment of the child abuse statute, the Legislature amended § 3–829 to permit a court to order that a child adjudicated delinquent pay restitution to the victim for counseling expenses, "if the delinquent act involved: ... [c]hild abuse under Article 27, § 35A of the Code." § 3–829(a)(1)(iii) (emphasis added). See Ch. 301 of the Acts of 1992.

Clearly the Legislature believed that child abuse was the basis for a delinquent act when it amended § 3–829. Because this change occurred after the enactment of the statute in question, Petitioner argues that it merely reflects a legislative "assumption that Article 27, sec. 35A applies to minors" and is therefore "weak evidence at best." The 1992 amendment to § 3–829, however, may guide us in ascertaining that intent. Absent any other evidence to the contrary, the plain language of §§ 35A and 3–801(k), when considered in light of § 3–829's premise that child abuse constitutes a delinquent act, supports our conclusion that the Legislature intended § 35A to be the basis for a delinquent act.

■ Despite these reasons for concluding that the child abuse statute encompasses minor offenders, Douglas argues that § 35A requires the abuser to be "an adult in a position of responsibility superior to that of the child in order to be guilty of the breach of trust that is essential to this crime." The Court of Special Appeals convincingly disposed of this "responsibility" argument:

"[T]he manner in which the statute was amended is significant. The statute was amended by adding 'or by any household or family member' *after* the clause, 'by any parent or other person who has ... responsibility for supervision of a child.' The legislature did not amend the statute to read 'by any parent or *household or family member* or other person who has ... responsibility for supervision of a child.' Indeed, 'household or family member' is not modified at all. Had the legislature amended the statute in this latter fashion, Douglas'[s] argument might have been more persuasive. The actual language of the statute as amended,

however, implies that a 'household or family member' would *not* have to have 'permanent or temporary care or custody or responsibility for supervision of a child' in order for the statute to apply to that household or family member." (Emphasis in original).

Thus, a position of "responsibility" is not required under the catch-all phrase, "any household or family member."[4] We therefore find Douglas's argument without merit.

Douglas also contends that charging a juvenile with child abuse serves no purpose in a juvenile proceeding. He maintains that a delinquent act should be based solely on the "underlying offense" rather than the child abuse charge because only one delinquent act is necessary for a juvenile disposition. For instance, Douglas's acts would have constituted both child abuse and an attempted sexual offense in the second degree if he was an adult. Because a juvenile disposition could be based exclusively on the attempted sex offense, Douglas contends that basing a delinquent act on child abuse is "pointless." We disagree.

■ The juvenile delinquency statute does not in any way indicate that juveniles should only be adjudicated delinquent for the least serious, lesser included offense that they commit. Douglas may be adjudicated delinquent for any act which constitutes a crime if committed by an adult. The State is entitled to seek an adjudication of delinquency based on the most serious offense that the juvenile committed, notwithstanding any underlying offenses.[5] We note that the Juvenile Causes Subtitle "shall be liberally construed" to assure that a delinquent child is provided with any necessary "treatment,

---

4. Although Petitioner asserts that the abuser must be "an adult in a *position of responsibility* superior to that of the child," he concedes that, by adding the phrase "household or family member," the Legislature "intended to broaden the class of potential offenders to those family or household members who have *no responsibility for supervising* the child." (Emphasis added).

5. If we were to accept Petitioner's argument, a juvenile petition charging robbery would also be "pointless," because a delinquent act could be based on either the underlying assault or the underlying theft.

training, and rehabilitation." §§ 3–802(b), (a)(1). Where a juvenile offender continues to commit delinquent acts, judges making future dispositions should be provided with a record that accurately reflects the juvenile's prior conduct. A juvenile record reflecting prior child abuse may necessitate a different course of "treatment, training, and rehabilitation" than one simply reflecting an underlying offense such as assault.

Moreover, as the State pointed out and the Petitioner conceded, there may be instances where the juvenile court waives its jurisdiction over a minor. *See* § 3–817(a) (allowing court to waive exclusive jurisdiction with respect to petition alleging delinquency by child 15 years of age or older, or child charged with committing act punishable by death or life imprisonment if committed by an adult). In such cases, child abuse may be the most appropriate charge to bring against the offender based upon the serious nature of the offense. *See* § 35A(b) (permitting imposition of child abuse sentence consecutive to a sentence for any other offense based upon the act or acts establishing the abuse). We shall not assume that the Legislature wished to preclude the State from prosecuting a juvenile for child abuse when jurisdiction over that juvenile is waived to adult court.

■ Finally, Douglas argues that unreasonable applications of the child abuse statute may result if it is construed as applicable to child family or household offenders who abuse other child family or household members. Douglas states that, "[o]ne wonders, for example, whether a child who injures a sibling in a fight should bear the stigma of a child abuse adjudication or whether a child abuse charge would apply to a ten-year old in the family who injures a sixteen-year old." We recognize that there may be instances where the statute might seem harsh if applied to sibling altercations, although we do not have such a situation before us. We need not explore all of the circumstances where the statute might be applied to sibling altercations. The plain language of § 35A evidences a clear intent to include injuries caused by "any household or

family member, under circumstances that indicate that the child's health or welfare is harmed or threatened thereby," regardless of the offender/victim age relationship. Therefore, absent manifestations of contrary legislative intent, and without further guidance from the Legislature, we shall, in the instant case, apply the plain language of the statute. Accordingly, we hold that a "delinquent act" under § 3–801(k) of the Juvenile Causes Subtitle may be based upon a minor's conduct constituting child abuse under Article 27, § 35A.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE PAID BY THE PETITIONER.